(83 App. Div. 44.)

## MAGLIO et al. v. NEW YORK HERALD CO.

(Supreme Court, Appellate Division, Second Department. May 28, 1903.)

1. LIBEL—COMPLAINT—AVERRING SPECIAL DAMAGE—NECESSITY.
  Where the alleged libel refers to the property of the plaintiffs, and states that their hotel "has a bad reputation," and not to the plaintiffs individually, it is necessary to aver special damages.

2. SAME—SUFFICIENCY.
  A statement in a complaint averring that by reason of an alleged libel plaintiffs' hotel property has become depreciated in value is a sufficient allegation of special damage.

Appeal from Special Term, Westchester County.

Action for libel by Costantino Maglio and another against the New-York Herald Company. From an interlocutory judgment overruling a demurrer to the complaint for insufficiency of facts, defendant appeals. Affirmed.

The following is the complaint:

"The plaintiffs, complaining of the defendant herein, by Charles A. Dryer, their attorney, allege as follows:

"(1) On information and belief that the defendant is a foreign corporation, incorporated under the laws of the state of New Jersey, and doing business within the state of New York, and having its office and principal place of business at the intersection of Thirty-Fifth street and Broadway, in the borough of Manhattan and city of New York, in a building called the Herald Building.

"(2) That the plaintiffs herein are the sole owners and are in possession of the following real estate, situate in the town of White Plains, county of Westchester, and state of New York, which said real estate is bounded and described as follows: * * * That erected upon said premises is a three-story stone and wooden building owned and used by these plaintiffs for the purpose of keeping and maintaining a hotel or inn for the accommodation of permanent and transient guests, containing about sixty-five rooms, which said building has been used and occupied as a hotel by these plaintiffs for a period of several years last past; and that prior to the publication of the false, wicked, malicious, and libelous article printed and published by the defendant, as hereinafter described, plaintiffs were doing a large and lucrative hotel business in said hotel building, and realizing a profit from said hotel business of at least four thousand ($4,000) dollars annually.

"(3) That the defendant is and was at the times hereinafter mentioned the owner, publisher, and proprietor of two certain newspapers, published by the defendant, daily, at the aforesaid building, known as the Herald Building, in the city of New York, said newspapers being named or called The New York Herald and The New York Evening Telegram, and having a large circulation in the village and town of White Plains, New York, where the plaintiffs' said hotel is located, in the county of Westchester, and elsewhere.

"(4) That on Friday, January 24, 1902, the defendant above named maliciously composed, or caused to be composed, and published and circulated, at the city of New York, the town of White Plains, and elsewhere, concerning these plaintiffs, in its said newspaper called The New York Herald, a certain article, containing the false, malicious, and defamatory matter following, of and relating to the plaintiffs' said hotel in White Plains, aforesaid: 'Further down on Lake street is the Roma Hotel, kept by Costantino Maglio. Many Italians make the hotel their headquarters, and it has a bad reputation;' and other false, malicious, scandalous, wicked, and untruthful matter concerning these plaintiffs' said hotel, with the intent to injure, harm, distress, and annoy these plaintiffs, and to cause them serious financial loss in and about their said business; the defendant well knowing said matter to be wholly false, untrue, and without any foundation in fact, and that the entire substance of said publication relating to said plaintiffs' hotel was wholly false and untrue was well known to the above-named defendant at and prior to the time of its appearance in defendant's said newspaper.

"(5) The plaintiffs further allege that the defendant above named maliciously composed, or caused to be composed, published, and circulated, at the said city of New York and town of White Plains, and elsewhere, concerning these plaintiffs' hotel, in its said newspaper called The Evening Telegram, on the 24th day of January, 1902, a certain article containing the false, wicked, malicious, and defamatory matter following, that is to say: 'White Plains, N. Y. Strenuous efforts on the part of the police to discover the murderer of Isabella Allen, whose body was found under such shocking and peculiar circumstances Thursday night, have so far been unavailing. Suspicion points with emphasis in the direction of an Italian. Not far from where Mrs. Allen's body was found is a hotel patronized by Italians, and it is the opinion

of Dr. Curtis, who performed the autopsy, that the murderer will be found there.' 'Further down on Lake street is the Roma Hotel, kept by Costantino Maglio. Many Italians make the hotel their headquarters, and it has a bad reputation. An attempt was recently made to have it closed, but the attempt failed. From this hotel a tall Italian, whose name is not known, on more than one occasion, followed Miss Allen. He attempted to speak to her, and was repulsed;' and other false, malicious, scandalous, wicked, and untruthful matter concerning these plaintiffs, with the intent to injure, harm, distress, and annoy these plaintiffs, and cause them serious financial injury and loss; the defendant well knowing said matters so published in its said newspaper to be wholly false, untrue, and without any foundation in fact, and that the entire substance of said publication relating to these plaintiffs' hotel was wholly false and untrue, being well known to the above-named defendant prior to the time of its appearance in defendant's said newspaper.

"(6) Plaintiffs further allege that, by reason of the false, untruthful, wicked, and malicious publications of the defendant of and concerning the plaintiffs' said hotel as aforesaid, the plaintiffs have suffered grievous harm, injury, and wrong; that their said hotel property has become depreciated in value; and that they have suffered a loss of custom and business at their said hotel, and the reputation of plaintiffs' said hotel has become greatly injured and damaged by reason of the false, scandalous, wicked, malicious, and untruthful publications made by the defendant in said newspapers as aforesaid —all to the great damage of these plaintiffs in the sum of ten thousand ($10,000) dollars.

"Wherefore plaintiffs demand judgment against the defendant herein for the sum of ten thousand ($10,000) dollars, besides the costs and disbursements of this action."

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Robert W. Candler (William Jay, on the brief), for appellant.

Charles A. Dryer, for respondents.

PER CURIAM. We agree with the learned counsel for the appellant that the alleged libel refers to the property of the plaintiffs, and not to the plaintiffs individually, and that it is therefore necessary to allege special damage in order to maintain the action. We are of opinion, however, that there is a sufficient allegation of special damage in the statement that the plaintiffs' hotel property has become depreciated in value by reason of the publication. This is enough to sustain the complaint.

Interlocutory judgment affirmed, with costs.