## MAGLIO v. NEW YORK HERALD CO.

(Supreme Court, Appellate Division, Second Department. April 29, 1904.)

1. LIBEL—CONSTRUCTION OF LANGUAGE—LIBEL ON HOTEL.

A publication to the effect that a hotel kept by plaintiff was a resort for questionable characters, and that one of such characters, harbored by plaintiff, probably committed a certain murder, referred to the property of plaintiff, and not to plaintiff himself.

2. SAME—COMPLAINT—SPECIAL DAMAGES.

A complaint in an action for libel is insufficient for a failure to allege special damages when the matter refers to a hotel kept by plaintiff and not to plaintiff.

Appeal from Special Term, Westchester County.

Action by Constantino Maglio against the New York Herald Company. From a judgment overruling a demurrer to the complaint, defendant appeals. Reversed.

The alleged libelous matter was a statement that plaintiff's hotel was a resort for questionable characters, and that one of them, harbored by plaintiff, probably committed a certain murder.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Robert W. Candler (William Jay and Flamen B. Candler, on the brief), for appellant.

Charles A. Dryer, for respondent.

PER CURIAM. The alleged libels for the publication of which this action is brought do not differ materially from those which were under consideration in Maglio v. New York Herald Co., 83 App. Div. 44, 82 N. Y. Supp. 509. It seems to us that they refer to the property of the plaintiff, and not to the plaintiff individually. Here, however, there is no allegation of special damage, and without such an allegation, where the defamatory publication is a libel on the place, and not on the plaintiff, the complaint does not state facts sufficient to constitute a cause of action. Kennedy v. Press Publishing Co., 41 Hun, 422. It follows that the interlocutory judgment should be reversed.

Interlocutory judgment reversed, with costs, and demurrer sustained, with costs.