LOU STILLMAN, Appellant-Respondent, *v.* PARAMOUNT PICTURES CORPORATION et al., Respondents-Appellants, et al., Defendants.

First Department, June 26, 1956.

*John S. Finn* of counsel (*Allan A. Masur* with him on the brief; *Louis Scadron,* attorney), for appellant-respondent.

*David J. Mandel* of counsel (*Lawrence P. King* and *Leonard Kaufman* with him on the brief; *Louis Phillips,* attorney), for respondents-appellants.

Cox, J. In cross appeals from an order of Special Term, plaintiff appeals from that part of the order which dismissed the first cause of action and defendants appeal from that part which failed to dismiss the second cause of action.

Plaintiff, in the conduct of a gymnasium for the training of prize fighters in the city of New York, has acquired an excellent world-wide reputation and established valuable good will. Defendants produced and distributed, for public exhibition, a fictional dramatic motion picture entitled "The Country Girl" in which one of the principal characters utters words, carried on the sound track as part of the fictional story, to the effect that he could go to "Stillman's Gym and get a punch-drunk fighter."

This action is based on plaintiff's claim that defendants thus used his name, without his consent, for purposes of trade in violation of sections 50 and 51 of the Civil Rights Law, and that the reference to plaintiff was libelous.

The sections of the Civil Rights Law upon which plaintiff relies read as follows:

"§ 50. *Right of Privacy*

"A person, firm or corporation that uses for advertising purposes, or for the purposes of trade, the name, portrait or picture of any living person without having first obtained the written consent of such person, or if a minor of his or her parent or guardian, is guilty of a misdemeanor.

"§ 51 [in pertinent part]

"Any person whose name, portrait or picture is used within this state for advertising purposes or for the purposes of trade without the written consent first obtained as above provided may maintain an equitable action in the supreme court of this state against the person, firm or corporation so using his name, portrait or picture, to prevent and restrain the use thereof; and may also sue and recover damages for any injuries sustained by reason of such use and if the defendant shall have knowingly used such person's name, portrait or picture in such manner as is forbidden or declared to be unlawful by the last section, the jury, in its discretion, may award exemplary damages."

Since these sections do not prohibit the incidental, momentary and isolated use of such words as " Stillman's Gym ", even if such place is operated by a living person of the name " Stillman " (*Merle* v. *Sociological Research Corp.*, 166 App. Div. 376; *Damron* v. *Doubleday, Doran & Co.*, 133 Misc. 302, affd. 226 App. Div. 796), the court properly dismissed the first cause of action.

In the cause of action for libel, the reference being to " Stillman's Gym " and not to plaintiff personally, special damages should be alleged. (*Kennedy* v. *Press Pub. Co.*, 41 Hun 422; *Phillip Co.* v. *New Yorker Staats-Zeitung*, 165 App. Div. 377.)

The order of Special Term should be modified by granting the motion to dismiss the second cause of action and, as so modified, affirmed.

PECK, P. J., BOTEIN and RABIN, JJ., concur; BREITEL, J., dissents and votes to affirm on opinion of SAMUEL H. HOFSTADTER, J., at Special Term.

Order modified so as to grant the motion to dismiss the second cause of action and, as so modified, affirmed.