Irving H. Saypol, J.
The plaintiff here sues individually and alleges that he has been defamed in his business by the article written by the individual defendant and published by the New York Herald Tribune, the codefendant. It will be assumed for the purposes of this motion that the context of the defamatory matter is libelous per se; that is, to say wrongfully of the plaintiff’s hospital that it wrangles over the qualifications of an emergency patient to receive succor, on the premise that the nature of the wrangling is at least equivocal, and therefore, a matter for the jury.
*564 As to the individual defendant, it is alleged in paragraph six of the complaint that he wrote the article wrongfully ‘ ‘ with intent to injure the plaintiff in his profession and in his business known as the Manhattan General Hospital.” Distinguishably, the seventh paragraph alleges that the corporation, the publisher, published this “ concerning the plaintiff in his business.”
In order to constitute a libel, the words used must refer to the plaintiff. (Morrison v. News Syndicate Co., 247 App. Div. 397.) Rule 96 of the Rules of Civil Practice provides that the plaintiff need not plead any extrinsic fact that the matter was published concerning him but may state it in general terms. (Eastern Paper & Box Co. v. Catz Amer. Co., 279 App. Div. 650; Krumholz v. Raffer, 195 Misc. 788.)
As a matter of pleading, applicability to the plaintiff personally, in the cause alleged against the individual defendant, is of doubtful import. Passing that by, the determinative question here concerns the proof. On the whole case there is no evidence that the publication is of the plaintiff. He is not named in the article. Neither individual, the plaintiff Richman nor the defendant Gardner, knew of each other before the lawsuit. That takes the case out of the rule (Prosser on Torts [2d ed.], p. 762) that if the statement made charges the plaintiff with personal misconduct or imputes to him reprehensible characteristics, it is libel, and if any such charge concerning his conduct or his business will affect him in that business, there need be no proof of damages.
The case here becomes one for failure of proof of one in disparagement of business rather than in defamation. That means that in the circumstances special damage is a necessary element. The plaintiff must show how and in what amounts, by loss, of patients, by loss of money, he was damaged.
Proceeding on the premise that the complaint does plead special damage in injury to his business (cf. Maglio v. New York Herald Co., 83 App. Div. 44), it is still a case barren of such proof of damage. No proof of such damages has been offered. It is required (Stillman v. Paramount Pictures Corp., 2 A D 2d 18; Hibschman, Defamation or Disparagement, 24 Minn. L. Rev. 625, 631; Newell on Libel and Slander [4th ed., 1924], p. 196) and so the plaintiff cannot prevail and it would be required of the court that a contrary verdict must be set aside. (Maglio v. New York Herald Co., 93 App. Div. 546.)
The jury will be directed to return a verdict in favor of the defendant, New York Herald Tribune, Inc. and Hy Gardner.