DAUER & FITTIPALDI, INC., Respondent, *v.* TWENTY FIRST CENTURY COMMUNICATIONS, INC., et al., Appellants.

First Department, December 4, 1973.

*Arnold Buffum Lovell* of counsel (*Gerald G. Paul* with him on the brief; *Botein, Hays, Sklar & Herzberg,* attorneys), for appellants.

*Louis G. Turen* of counsel (*George H. Turen* with him on the brief; *Turen & Turen,* attorneys), for respondent.

McGIVERN, J. P. The action is for libel. The plaintiff corporation is the proprietor of a bar and grill located at 831 Sixth Avenue, Manhattan, known as the " Busy Bee ". The defendants are the corporate owners, publishers, executives and employees of a magazine called *National Lampoon.* The maga-

zine itself appears to be a somewhat unconventional, raffish, if not zany journal of intended humor, developed by racy language and garish photographs. Its February issue called itself " The Humor Magazine " and was facetiously devoted to the subject of " Crime! "

The fictional article that offends the plaintiff was called " The Case of the Loquacious Rapist! " It is the story of a plain-clothesman named " Proctor Silex ", and he is engaged in a search for " The Loquacious Rapist ", who also murders his victims. In a series of cartoons, photographs, dialogue and script, Silex is seen several times in conversations with the bartender of a grog shop, referred to by Silex as " The Stop and Frisk ", albeit in two of the photographs of the establishment are the words " Busy Bee ". The article is besprinkled with attempted humorisms, puns, chamberings and fast-paced badinage. The story itself is unresolved, but the final intimation is that " The Loquacious Rapist " is none other than the talkative plainclothesman, Proctor Silex himself. Thus, the article is not about the plaintiff corporation or its product; neither they nor the " Busy Bee " are mentioned in the text; and, although the words " Busy Bee " are identifiable in a photographic backdrop, the pub itself is referred to in the action as "The Stop and Frisk ".

Special Term, New York County (FEIN, J.) has found a cause of action to have been pleaded and has denied the defendants' cross motion for summary judgment or dismissal of the complaint. We do not agree.

The article, viewed in its context of fiction and deliberate humor, cannot reasonably be susceptible of a libelous meaning intending to harm the plaintiff; it does not purport to relate to actual events or depict real persons or places, nor does it impute to the plaintiff corporation that it knowingly permitted its restaurant to be a gathering place of low and unsavory characters. Indeed, the name of plaintiff's place is not related in the text at all; there is only a quick reference to the fictitious " Stop and Frisk ". Nor does the presentation impugn the integrity of the plaintiff, nor ascribe moral turpitude or crime; nor charge it with dishonest practices, nor besmirch its products, nor commercially defame it in any way. Thus, on its face, the article complained of is not libelous, and this court so decides. (*Tracy* v. *Newsday, Inc.*, 5 N Y 2d 134; *Gambuzza* v. *Time, Inc.*, 18 A D 2d 351.) Nor, viewed as against the genre of the magazine itself, the humorous setting of the article, and its off-beat treatment, can we reasonably accept the maleficent meaning plaintiff ascribes to it. (*Landau* v. *Columbia Boad-*

*casting System,* 205 Misc. 357, affd. 1 A D 2d 660.) Tested by what we regard as a fair standard, we must conclude the article is not libelous per se, and in the absence of special damages, the complaint cannot withstand defendants' motion to dismiss pursuant to CPLR 3211 (subd. [a], par. 7) for failure to state a cause of action. (*Drug Research Corp. v. Curtis Pub. Co.,* 7 N Y 2d 435.)

At best, the position of plaintiff is *damnum absque injuria.* It may have been the butt of amusement, it may even have acquired an evanescent notoriety, but by no reasonable construction can the article reach actionable libel. And since the plaintiff's owner was not defamed, even if it thinks its pub was sullied, no action lies unless it alleges and proves special damages as a necessary and natural consequence of the publication. (*Kennedy v. Press Pub. Co.,* 41 Hun 422; *Falcaro v. Teenetta, Inc.,* 19 A D 2d 824; *Stillman v. Paramount Pictures Corp.,* 2 A D 2d 18, 20, affd. 5 N Y 2d 994.) It is even difficult to appreciate how the corporate sensibilities of the plaintiff have been wounded. Saloons have traditionally not been the habitats of Nobel prize winners, or even Rhodes scholars.

Lastly, the photographs of plaintiff's emporium may have been unauthorized, but it is settled that corporations do not have a legally protected right of privacy in New York. (Civil Rights Law, §§ 50–51; *Gautier v. Pro Football,* 304 N. Y. 354; *Flores v. Mosler Safe Co.,* 7 N Y 2d 276.)

Accordingly, the order of Special Term should be reversed on the law, and the defendants' cross motion to dismiss the complaint granted, without costs and without disbursements.

MARKEWICH, MURPHY, LANE and STEUER, JJ., concur.

Order, Supreme Court, New York County entered on July 3, 1973, unanimously reversed, on the law, without costs and without disbursements, and defendants' cross motion to dismiss the complaint granted.