**EL MESON ESPANOL,**
**Plaintiff-Appellant,**

v.

**NYM CORPORATION,**
**Defendant-Appellee.**

**No. 920, Docket 75–7074.**

United States Court of Appeals,
Second Circuit.

Argued May 19, 1975.

Decided July 11, 1975.

---

Lawrence Lauer, New York City, for plaintiff-appellant.

E. Douglas Hamilton, New York City (Hall, McNicol, Marett & Hamilton, New York City, of counsel), for defendant-appellee.

Before MULLIGAN, TIMBERS and GURFEIN, Circuit Judges.

GURFEIN, Circuit Judge:

The November 5, 1973 issue of *New York* Magazine contained an article concerning narcotics trafficking in the New York metropolitan area entitled "COKE: The Big New Easy-Entry Business." Included in the article's description of places where such activity was most prevalent was the following passage, which is the basis of this libel action brought by appellant El Meson Espanol, a New Jersey corporation:

"They [i.e. cocaine dealers] are still out there across the Hudson River, too—in Elizabeth, in West New York, in Union City. Late at night in Union City, bars like El Tropicano at 49th Street and Hudson Avenue and restaurants like El Meson Espanol at 4018 Bergenline Avenue become good places to meet a connection. Park your car some night in front of one of them, turn off all the lights, and focus your binoculars on a big Cadillac El Dorado with Miami plates, or, if you're lucky, a nice Lincoln with diplomatic plates. A great tourist attraction, that Union City."

Jurisdiction is based on diversity of citizenship, with a claim for damages in excess of $10,000. 28 U.S.C. § 1332. The complaint alleges that the defendant maliciously published a "false and libelous statement" consisting of the foregoing quotation, that it had reason to believe the same was false and that it was published with actual malice toward the plaintiff corporation. It averred that the defendant negligently failed to make investigation as to the truth of the state-

ment "insofar as the same concern plaintiff and plaintiff's reputation for being a law abiding business and accused the plaintiff corporation and its employees of engaging in criminal actions." It further stated "that by publication of the said statement the defendant intended to convey and expose the plaintiff corporation to hatred, contempt, ridicule, eversion (sic) and to indicate that it conducted its business in an unlawful manner and encouraged the commission of crimes on its premises." It finally claims injury to its "reputation" and that it has been damaged in its attempt to conduct a law abiding business.

For a second claim the complaint alleges, in support of punitive damages, that the defendant was actuated by actual malice and wrongfully intended to injure the plaintiff which has been greatly injured in its credit and reputation.

Judge Brieant granted summary judgment to the defendant on the theory that the offending matter was a libel on the place and not on the owner, and that the complaint was therefore fatally defective because it alleged no special damages. 389 F.Supp. 357 (S.D.N.Y.1974). Both parties agree that New York law is to be applied. We affirm.

■■■ While a corporation enjoys the same right to plead general damages as do individuals, *Drug Research Corp. v. Curtis Publishing Co.*, 7 N.Y.2d 435, 440, 199 N.Y.S.2d 33, 166 N.E.2d 319 (1960), since it has no character to be affected by a libel it can only be protected against false and malicious statements affecting its credit or property. *Reporters' Ass'n of America v. Sun Printing & Publishing Ass'n*, 186 N.Y. 437, 440, 79 N.E. 710 (1906); *Steak Bit of Westbury, Inc. v. Newsday, Inc.*, 70 Misc.2d 437, 334 N.Y.S.2d 325 (Sup.Ct.1972). While the complaint, averring injury to "reputation," would be more appropriate pleading a libel against a natural person, we construe the pleading liberally as including injury to the property of the corpo-

ration. We must determine whether the statement charged to be defamatory is a libel against the plaintiff and is, in any event, libel *per se*, since no special damage was pleaded. *Reporters' Ass'n of America v. Sun Printing & Publishing Ass'n, supra.*

■ At the threshold we are met by the established New York doctrine that a publication defamatory of a place or product is not a libel against its owner unless the owner himself is accused of disreputable conduct. *Kennedy v. Press Publishing Co.*, 41 Hun 422 (1886) (place); see *Stillman v. Paramount Pictures Corp.*, 2 A.D.2d 18, 20, 153 N.Y. S.2d 190 (1st Dept. 1956), aff'd mem., 5 N.Y.2d 994 (1959) (place); *Dauer & Fittipaldi, Inc. v. Twenty First Century Communications, Inc.*, 43 A.D.2d 178, 349 N.Y.S.2d 736 (1st Dept. 1973) (place); *Drug Research Corp. v. Curtis Publishing Co.*, 7 N.Y.2d 435, 440, 199 N.Y.S.2d 33, 166 N.E.2d 319 (1960) (product).

In *Kennedy, supra,* the article charged that the plaintiff's saloon in Coney Island was a resort for improper characters and that the influence was bad. In *Maglio v. New York Herald Co.*, 93 App. Div. 546, 87 N.Y.S. 927 (2d Dept. 1904), the article charged that the Roma Hotel kept by plaintiff Maglio was harboring a murderer. In both cases, the court held no cause of action was stated. In *Richman v. New York Herald Tribune, Inc.*, 7 Misc.2d 563, 166 N.Y.S.2d 103 (Sup.Ct. 1957), the court held that even if the defamatory matter is libelous *per se* with respect to a proprietary hospital, it is not defamatory of its owner in the absence of a statement charging the plaintiff with personal misconduct or reprehensible character. In *Stillman, supra,* a possibly defamatory reference to "Stillman's Gym" was held not to be a libel against plaintiff Stillman, its owner, absent a pleading of special damages.

■ The article's susceptibility to a reading of libelous meaning, is a matter of law, not fact. *Tracy v. Newsday, Inc.*, 5 N.Y.2d 134, 136, 182 N.Y.S.2d 1,

155 N.E.2d 853 (1959), and we find no libel against the plaintiff. *See O'Connell v. Press Publishing Co.,* 214 N.Y. 352, 360, 108 N.E. 556 (1915); *Gambuzza v. Time, Inc.,* 18 A.D.2d 351, 354–56, 239 N.Y.S.2d 466 (1st Dept. 1963).

■ The quoted passage, tested by a "fair" not a broad reading, judged in its full context as it must be, see *Drug Research Corp. v. Curtis Publishing Co., supra,* 7 N.Y.2d at 440, 199 N.Y.S.2d at 36, 166 N.E.2d at 321, cannot be read to accuse the plaintiff corporation of "knowing" acquiescence or participation in narcotics activity on its premises.[1] The passage certainly does not expressly do so, and the interpretation plaintiff attempts to establish by innuendo distorts the logical meaning of the text beyond the limits of its language. See *Tracy v. Newsday, Inc., supra,* 5 N.Y.2d at 136, 182 N.Y.S.2d at 3–4, 155 N.E.2d at 854–55. As was the case in *Kennedy v. Press Publishing Co., supra,* 41 Hun at 422–23, "there is nothing in the article charging that the plaintiff conducts his [restaurant] improperly, or that he is responsible for the character of his guests." In the paraphrase of *Kennedy* by Justice McGivern, "[i]t is even difficult to appreciate how the corporate sensibilities of the plaintiff have been wounded. Sa-

loons have traditionally not been the habitats of Nobel prize winners, or even Rhodes scholars." *Dauer & Fittipaldi, supra,* 43 A.D.2d at 180, 349 N.Y.S.2d at 738.

■ Here, too, there is not a single word in the article which suggests that the proprietor of the restaurant knew that persons congregating in its restaurant found it a good place "to meet a connection." We find that under New York law no claim for relief has been stated. The innuendo alleged cannot enlarge rather than explain the libel. *Rogow, Inc. v. Ally, Inc.,* 29 A.D.2d 423, 288 N.Y.S.2d 556 (1st Dept. 1968), *aff'd mem.,* 25 N.Y.2d 943, 305 N.Y.S.2d 154, 252 N.E.2d 663 (1969). But even if the language could be read to libel the plaintiff, it is not a libel *per se,* and the plaintiff has not pleaded facts showing special damage resulting from the alleged libel. General allegations of damage are not sufficient. *O'Connell v. Press Publishing Co.,* 214 N.Y. 352, 358, 108 N.E. 556 (1915).[2]

In the circumstances, the application of New York law requires us to affirm the dismissal of the complaint.[3]

Affirmed.

[1] On appeal plaintiff argues for the first time that the quoted passage constitutes libel *per se* because it accused the plaintiff of violating a New Jersey statute which proscribes knowing maintenance of a place of business used for illegal narcotics activity. N.J.S.A. § 24:21–21, subd. a(6). The difficulty is that, fairly read, the language of the alleged libel does not accuse the plaintiff of knowledge of such activity.

[2] The complaint seeks compensatory damages of $250,000 and a like amount for punitive damages. "Such round figures, with no attempt at itemization, must be deemed to be a representation of general damages." *Drug Research Corp. v. Curtis Publishing Co., supra,* 7 N.Y.2d at 441, 199 N.Y.S.2d at 37, 166 N.E.2d at 322.

[3] In view of our decision that dismissal is required under New York law, we need not determine whether the existence of a public issue—narcotics traffic—would any longer require consideration of the First Amendment if New York law permitted recovery. See *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 347, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974).