CNA FINANCIAL CORPORATION, a Delaware Corporation, Plaintiff,

v.

LOCAL 743 OF INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, an Unincorporated Association; CNA Clerical Committee, an Unincorporated Association; Rosemary Ortega Gonzalez; Victoria Laube; Ronald Fowler; Donald Peters; Harry Peters; Kenneth Hester; Robert Simpson; Clara Day; Elijah Hoffington and Ray Hamilton, Defendants.

No. 81 C 1005.

United States District Court, N. D. Illinois, E. D.

April 24, 1981.

---

Jeffrey S. Goldman, Christopher A. Bloom, Fox & Grove, James R. Sweeney, Warren D. McPhee, Mason, Kolehmainen, Rathburn & Wyss, Chicago, Ill., for plaintiff.

Joel A. D'Alba, Asher, Goodstein, Pavalon, Gittler, Greenfield & Segall, Marvin N. Benn, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff, CNA Financial Corporation ("CNA"), brought this action against defendants, Local 743 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers ("Local 743"), the "CNA Clerical Committee," and ten individually named persons (hereinafter referred to collectively as "defendants"), seeking injunctive and monetary relief for alleged servicemark infringement and false designation of origin in violation of the Federal Trademark Act (Lanham Act), 15 U.S.C. §§ 1114, 1125 (Counts I and II). Jurisdiction over the federal claims is predicated on 15 U.S.C. § 1121 and 28 U.S.C. § 1338. Pursuant to the doctrine of pendent jurisdiction, *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), CNA also charges the defendants with common law deceptive trade practices (Count III) and deceptive trade practice under the Illinois Anti-Dilution Statute, Ill.Rev.Stat. ch. 140, § 22 (1979) (Count V), servicemark infringement under the Illinois Deceptive Trade Practices Act, Ill.Rev.Stat. ch. 121½, §§ 311–317 (1979) (Count IV), fraud and deceptive business practices under the Illinois Consumer Fraud and Deceptive Business Practices Act, Ill.Rev.Stat. ch. 121½, §§ 261–272 (1979) (Count VI), theft of trade secrets (Count VII), and invasion of privacy (Count VIII).

This matter is presently before the Court on defendants' motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) or, alternatively, for failure to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6).

### JURISDICTION

At the outset, defendants argue that this Court lacks subject matter jurisdiction over this matter because the National Labor Relations Board ("NLRB") rather than the federal courts has primary jurisdiction over disputes arising out of union organizing campaigns. Defendants further maintain that the Norris-LaGuardia Act, 29 U.S.C. § 101 *et seq.*, deprives the federal courts of jurisdiction to issue an injunction in cases "involving or growing out of a labor dispute." 29 U.S.C. § 101.

In *Marriott Corporation v. Great America Service Trades Council*, 552 F.2d 176 (7th Cir. 1977), the Seventh Circuit discussed this precise question at length and concluded that while the Norris-LaGuardia Act operates as a bar to injunctive relief in cases growing out of a labor dispute, the NLRB does not necessarily have exclusive jurisdiction over matters not within the Board's field of expertise. The court of appeals thus reversed the district court's issuance of a preliminary injunction but remanded the case for consideration of the plaintiff's federal trademark infringement claim under the Lanham Act which was held to be properly within the federal court's subject matter jurisdiction.

■ Accordingly, for the reasons set forth in *Marriott Corporation*, the Court holds that we do have subject matter jurisdiction over CNA's claims under the Lanham Act. As in *Marriott Corporation*, this logic extends equally to CNA's state law claims. However, the Court will refrain from any consideration of CNA's prayer for injunctive relief to the extent that such relief would come within the proscription of the Norris-LaGuardia Act.

### MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

■ For purposes of a motion to dismiss CNA's well-pleaded allegations must be accepted as true, and unless it appears that CNA will be unable to establish any set of facts entitling it to relief, the complaint must not be dismissed. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Mathers Fund, Inc. v. Colwell Co.*, 564 F.2d 780 (7th Cir. 1977).

Defendants have moved to dismiss the federal and state claims based upon servicemark infringement, false designation of origin, and deceptive trade practices (Counts I through VI) on the ground that no cause of action is stated under any of these counts since the defendants do not compete with CNA. The defendants also maintain that their conduct fits within the "fair use" defense recognized in the Lanham Act, 15 U.S.C. § 1115(b)(4), which provides that "the use of the name, term, or device charged to be an infringement . . . which is descriptive of and used fairly and in good faith only to describe to users the goods or services of such party" shall not constitute infringement.

■ The existence of competition between plaintiff and defendant is not a prerequisite for a cause of action for either servicemark infringement or false designation of origin under the Lanham Act. *Polaroid Corporation v. Polaraid, Inc.*, 319 F.2d 830, 834–35 (7th Cir. 1963); *F.E.L. Publications, Inc. v. National Conference of Catholic Bishops*, 466 F.Supp. 1034 (N.D.Ill. 1978) (publishers of religious music stated cause of action against national bishops organization under Lanham Act and state unfair competition statute). Similarly, the existence of competition is irrelevant to CNA's state law claims. *Lady Esther, Ltd. v. Lady Esther Corset Shoppe, Inc.*, 317 Ill.App. 451, 46 N.E.2d 165 (1st Dist. 1943); Ill.Rev.Stat. ch. 121½, § 312 (1979). ("In order to prevail in an action under this Act, a plaintiff need not prove competition between the parties."); Ill.Rev.Stat. ch. 140, § 22 (1979) (injunction against use of same or similar trademark proper "not withstanding the absence of competition between the parties.").

■ Defendants' reliance on the fair use defense set forth in section 33(b)(4) of the Lanham Act, 15 U.S.C. § 1115(b)(4), is equally misplaced at this juncture. At this stage of the proceedings, it is at most an open question whether defendants use of the CNA mark was "descriptive of and used fairly and in good faith only to describe to users the goods or services of such party." In order to establish a defense under section 33(b), the defendants must show that they used the CNA mark as a "generically descriptive term." *Henry Heide, Inc. v. George Ziegler Company*, 354 F.2d 574, 577 (7th Cir. 1965). While expressing no opinion as to the ultimate merits of this case, we are not satisfied at this point in time

that defendants' conduct would fit within the fair use defense.[1]

Accordingly, the defendants' motion to dismiss with respect to Counts I through VI will be denied.

Defendants also contend that Count VII of CNA's complaint alleging misappropriation of trade secrets fails to state a claim because a list of employees' names and home addresses does not constitute a "trade secret" under Illinois law. CNA contends that the list composed of its "employees' names, their home addresses, and other confidential information" does constitute a trade secret which was misappropriated by the defendants.

■ The Illinois Supreme Court has defined a trade secret as "a plan or process, tool, mechanism, compound, or informational data utilized by a person in his business operations and known only to him and such limited other persons to whom it may be necessary to confide it." *ILG Industries, Inc. v. Scott*, 49 Ill.2d 88, 273 N.E.2d 393, 395 (1971). While it is conceivable that an employee list may contain such extensive and detailed information that would so devastate a company if disclosed to the wrong person that it could be characterized as a trade secret, this does not appear to be such a case. CNA has cited no Illinois cases holding that an employee list such as the one involved in the case at bar constitutes a trade secret and its reliance on *TAD, Inc. v. Siebert*, 63 Ill.App.3d 1001, 20 Ill.Dec. 754, 380 N.E.2d 963 (1st Dist. 1978), for that proposition is misplaced. In *TAD*, the court noted twice that the defendants did not misappropriate any customer or employee lists nor did they memorize any material or confidential information when they left the plaintiff's employ. 380 N.E.2d at 965, 967.

CNA's reliance on two recent cases holding that certain types of employee lists may be covered by the Federal Trade Secrets Act, 18 U.S.C. § 1905, and thus may be exempt from mandatory disclosure under the Freedom of Information Act is also misplaced in the context of the case at bar. *See Burroughs Corp. v. Brown*, 501 F.Supp. 375 (E.D.Va.1980); *Metropolitan Life Insurance Company v. Usery*, 426 F.Supp. 150 (D.D.C.1976). The lists involved in these cases contained much more information about the employees and internal company policy, procedures, and programs than CNA's list composed of the employees' names, addresses, and unspecified "other confidential information."

Accordingly, even construing the allegations of the complaint in the light most favorable to CNA, the Court finds that CNA has failed to state a claim for misappropriation of trade secrets and, therefore, defendants' motion to dismiss Count VII of the complaint will be granted.

Defendants' final argument directed at the complaint in connection with their motion to dismiss is that CNA's Count VIII for invasion of privacy fails to state a claim upon which relief may be granted. CNA contends that it may bring an action in tort for invasion of privacy in its own right or on behalf of its employees who have entrusted confidential information to the company.

■ The right of privacy is a personal right designed to protect persons from unwanted disclosure of personal information. It does not extend to protect corporations from disclosure of information acquired or maintained in the regular course of business. Many courts that have considered the question have concluded that a corporation cannot maintain an action for invasion of the right to privacy and we believe this represents the better reasoned approach. *See Ion Equipment Corp. v. Nelson*, 110 Cal.App.3d 868, 168 Cal.Rptr. 361 (1st Dist. 1980); *Commonwealth v. Shults*, 26 Pa. Cmwlth. 129, 362 A.2d 1129, 1135 (1976); *Dauer & Fittipaldi, Inc. v. Twenty First Century Communications*, 43 A.D.2d 178, 349 N.Y.S.2d 736, 738 (1973); *Finn's Liquor Shop. Inc. v. State Liquor Authority*, 31

---

1. The defendants will have ample opportunity, if they so choose, to raise this issue anew in the context of a motion for summary judgment.

A.D.2d 15, 294 N.Y.S.2d 592, 595, *affirmed,* 24 N.Y.2d 647, 301 N.Y.S.2d 584, 249 N.E.2d 440, *cert. denied,* 396 U.S. 840, 90 S.Ct. 103, 24 L.Ed.2d 91 (1969); *Maysville Transit Co. v. Ort,* 296 Ky. 524, 177 S.W.2d 369, 370 (1944). *But see H & M Associates v. City of El Centro,* 109 Cal.App.3d 399, 167 Cal.Rptr. 392, 399 (4th Dist. 1980) (holding that partnership may assert action based upon right to privacy). Neither may CNA assert the privacy rights of its employees under well-settled principles governing standing. *Warth v. Seldin,* 442 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1979); *Sierra Club v. Morton,* 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1971). Accordingly, defendants' motion to dismiss Count VIII of the complaint will be granted.

In summary, for the reasons set forth in this opinion, defendants' motion to dismiss is denied with respect to Counts I through VI and is granted with respect to Counts VII and VIII. It is so ordered.