**SODEXHO USA, INC., Plaintiff,**

v.

**HOTEL AND RESTAURANT EMPLOYEES AND BARTENDERS UNION, LOCAL 217, AFL–CIO; Service Employees International Union, Local 531, AFL–CIO; and Danna Schneider.**

**No. CIV. A. 3:95–CV–1970 JBA.**

United States District Court,
D. Connecticut.

Sept. 3, 1997.

---

Patricia Ellen McCooey, Robinson & Cole, Hartford, CT, Brian E. Moran, Ralph W. Johnson, III, Robinson & Cole, Stamford, CT, for Sodexho USA, Inc.

Ruth L. Pulda, Livingston, Adler, Pulda & Meiklejohn, Hartford, CT, for Hotel & Restaurant Employees & Bartenders Union, Local 217, AFL–CIO.

Ruth L. Pulda, Livingston, Adler, Pulda & Meiklejohn, Hartford, CT, Carol Golubock, Service Employees Intern. Union, AFL–CIO, Washington, DC, Barbara J. Collins, Hartford, CT, for Service Employees Intern. Union, Local 531, AFL–CIO.

## *RULING ON DEFENDANTS' MOTION TO DISMISS [DOC. 37]*

ARTERTON, District Judge.

This case arises from allegations by plaintiff Sodexho, an institutional food services provider, that defendant unions and union official Danna Schneider launched a "smear" campaign against Sodexho when Sodexho refused to cooperate with an effort to unionize its employees. Sodexho alleges that the defendants distributed false or misleading leaflets and letters to prospective customers. Sodexho particularly focuses on a letter sent to Southern Connecticut State University that allegedly resulted in Sodexho's failure to secure a contract with SCSU. Sodexho's complaint contains four state-law counts and one federal-law count based on this and other injuries.

### *Legal Standard*

In deciding a motion to dismiss, the court must "construe any well-pleaded factual allegations in the complaint in favor of the plaintiff and dismiss the complaint only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Gagliardi v. Village of Pawling*, 18 F.3d 188, 191 (2d Cir.1994) (*quoting Allen v. WestPoint–Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir.1991)). For purposes of a motion to dismiss, the Court must accept as true all material facts alleged in the complaint. *Staron v. McDonald's Corp.*, 51 F.3d 353, 355 (2d Cir. 1995).

### *The Lanham Act*

Count V of the complaint alleges violations of the Lanham Act, § 43(a), 15 U.S.C.

§ 1125(a). The Lanham Act provides for a civil cause of action in cases in which

> [a]ny person who, on or in connection with any goods or services ... uses in commerce any word, term, name, symbol, or device, or any ... false or misleading description of fact, or false or misleading representation of fact, which—
>
> . . . .
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or another person's goods, services, or commercial activities ....

15 U.S.C. § 1125(a)(1). Specifically, the plaintiff alleges that defendants have distributed "to customers and/or prospective customers of Sodexho leaflets and/or other advertisements that contain false, deceptive, misleading and/or confusing information regarding, among other things, Sodexho's business relations, labor practices, employer-employee relations and/or contracts between it and its employees." Cmplt. ¶ 29. In opposition to the allegations that they violated the Lanham Act, defendants argue that "there is no cause of action against the Unions since they were not engaged in selling or promoting goods or services." In other words, they argue that Sodexho has failed to state a cause of action under the Lanham Act in that the defendants' "smear" campaign was not carried out "in commercial advertising or promotion."

The "commercial advertising or promotion" language was added by Congress to ensure that the section would not be applied to political speech. *Amer. Needle & Novelty v. Drew Pearson Marketing*, 820 F.Supp. 1072, 1077 (N.D.Ill.1993). In order for representations to constitute "commercial advertising or promotion" under Section 43(a)(1)(B), they must be:

> (1) commercial speech; (2) by a defendant who is in commercial competition with plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or services. While the representations need not be made in a "classic advertising campaign," but may consist instead of more informal types of "promotion," the representations (4) must be disseminated suffi-

ciently to the relevant purchasing public to constitute "advertising" or "promotion" within that industry.

*Gordon & Breach Science Publishers v. AIP,* 859 F.Supp. 1521, 1536 (S.D.N.Y.1994). Moreover, § 43(a) "has never been applied to stifle criticism of the goods or services of another by one, such as a consumer advocate, who is not engaged in marketing or promoting a competitive product or service." *Wojnarowicz v. American Family Ass'n,* 745 F.Supp. 130, 141 (S.D.N.Y.1990).

■ Even assuming, for purposes of the motion to dismiss, that the objected to materials were false and misleading, plaintiff has not shown that the defendants were "engaged in marketing or promoting a competitive product or service." While defendants' actions may arguably fulfill prong four, they cannot be said to fulfill prongs one, two, or three. That is, the defendants' actions were closer to that of a consumer advocate than a competing food services company.[1]

Defendants' actions presumably were intended to garner public support for the unions, generate public misgivings about Sodexho, and/or put pressure on Sodexho to take the unions seriously. The mere desire to exert economic pressure on a company, however, does not transform defendants' action into commercial speech, or make the defendants commercial competitors of plaintiff Sodexho. A environmental advocate might encourage consumers to avoid Company X because it pollutes the environment, and patronize Company Y, which is known to have good environmental policies. Such an action is certainly intended to have economic impact on Company X. It does not place the environmental advocate in competition with Company X, however. Even if the advocate claimed falsely that Company X is a polluter,

that still does not transform the speech into commercial speech for the purposes of the Lanham Act.

■ As the Court in *DeBartolo Corp. v. Fla. Gulf Coast Trades Council* explained, "We do not suggest that communications by labor unions are never of the commercial speech variety..." 485 U.S. 568, 576, 108 S.Ct. 1392, 1398, 99 L.Ed.2d 645 (1988).[2] Even so, the communications at issue in this case do not fit within the Lanham Act commercial speech rubric. Taken in any light, defendants' actions could not have been intended to redirect consumers of plaintiff's services to defendants' products or services. Whatever the defendants' services are (presumably the service they offer as representatives of union members), these services are not in commercial competition with the plaintiff's services (institutional food service). While defendants' actions may have been intended to encourage customers to choose a food service provider other than Sodexho, they were not intended to cause consumers to choose the defendant unions themselves as the food service providers. In order to constitute "commercial speech" as intended by § 43(a) of the Lanham Act, the challenged conduct does not only require disparagement of a service or product, it additionally requires that the defendant do so in order to promote its own service or product.

Accordingly, Count V is dismissed for failure to state a claim upon which relief can be granted, as the alleged actions by defendant do not constitute commercial advertising or promotion as required by 15 U.S.C. § 1125(a).

### State Law Claims

■ Jurisdiction in this action is predicated on the existence of a federal question,[3]

---

**1.** The cases cited by Sodexho in support of the proposition that it need not allege commercial competition with the defendants seem either equivocal, *Mercy Health Services,* 888 F.Supp. at 838 ("[A] detailed analysis of the impact of the Lanham Act is not necessary for this Opinion."), or pertain to a provision of the Lanham Act other than § 1125(a)(1)(B), *CNA Financial Corp. v. Local 743 of IBT,* 515 F.Supp. 942 (N.D.Ill.1981); *Brach Van Houten Holding, Inc. v. Save Brach's Coalition for Chicago,* 856 F.Supp. 472 (N.D.Ill. 1994).

**2.** Presumably, if the plaintiff had been a union competing to organize the same group of workers, and the defendants' statements disparaged the "service" that the plaintiff provided, such conduct might be actionable under the Lanham Act.

**3.** Diversity jurisdiction is not available to the litigants as the plaintiff is a citizen of Massachusetts, and the defendant unions are citizens of both Massachusetts and Connecticut. *See United Steelworkers v. R. H. Bouligny,* Inc., 382 U.S.

while jurisdiction over plaintiff's claims under Connecticut law is conferred supplementally by the federal claim. Assuming that the original federal claim was not "absolutely devoid of merit" or "obviously frivolous," *In Re Nucorp Energy Securities Litigation,* 772 F.2d 1486, 1490 (9th Cir.1985), the court may choose to exercise supplemental jurisdiction. Defendants contend that if the court dismisses plaintiff's federal claim it should decline to exercise supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3). An examination of the statutory grounds permitting the court to decline supplemental jurisdiction results in the conclusion that declining supplemental jurisdiction is appropriate in this case. Section 1367(c)(3) provides that:

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) [conferring supplemental jurisdiction] if—

(3) the district court has dismissed all claims over which it has original jurisdiction,

In *Purgess v. Sharrock,* 33 F.3d 134, 138 (2d Cir.1994), the Second Circuit has reaffirmed the rationale of *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966), holding that where the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. *Purgess,* 33 F.3d at 138 (citing *Castellano v. Board of Trustees,* 937 F.2d 752, 758 (2d Cir.1991)). Additionally, the district court is permitted to weigh and balance such factors as consideration of judicial economy, convenience, fairness and comity. *See Gibbs,* 383 U.S. at 726, 86 S.Ct. at 1139; *Purgess,* 33 F.3d at 138.

In the present case, the factors of judicial economy, convenience, fairness and comity do not rise to such a level that retention of the state law claims is warranted. Judicial economy is not implicated in that the instant case is still at the motion to dismiss stage. There has been no great expenditure of judicial resources on deciding a motion for sum-

145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965) (for diversity purposes, labor unions are citizens of

mary judgment, nor has there been the resource expenditure of a trial. The resources that the parties have expended in briefing the state claims, including the issue of preemption, will not be wasted in that these issues can still be raised in a state forum. Finally, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). In light of the Court's dismissal of plaintiff's federal Lanham Act claim, the resulting posture of the case rests solely on state law. The court concludes that plaintiff's remaining four state law should be decided by a Connecticut state court applying and interpreting its own law.

### Conclusion

For the foregoing reasons, the defendants' Motion to Dismiss [Doc. # 37] is GRANTED. Count V is dismissed with prejudice for failure to state a claim. Counts I, II, III, and IV are dismissed without prejudice to renew in state court.

IT IS SO ORDERED.

all states in which they have members).