427 F.Supp. 578 (1976)
GENERAL DYNAMICS CORPORATION, a corporation, Plaintiff,
v.
John T. DUNLOP, Secretary, United States Department of Labor, et al., Defendants.
No. 75-850C(1).
United States District Court, E. D. Missouri, E. D.
December 29, 1976.
*579 Richard T. Franch, Jenner & Block, Chicago, Ill., Richmond C. Coburn, John R. Musgrave, Coburn, Croft, Shepherd & Herzog, St. Louis, Mo., for plaintiff.
Wesley D. Wedemeyer, Asst. U. S. Atty., St. Louis, Mo., for defendants.

FINDINGS OF FACT AND CONCLUSIONS OF LAW
MEREDITH, Chief Judge.
This matter was tried to the Court on stipulation of facts, affidavits, exhibits and briefs. Both parties have filed cross motions for summary judgment.

FINDINGS OF FACT
1. Plaintiff, General Dynamics Corporation, is a Delaware corporation having its principal office at Clayton, Missouri, and is engaged, inter alia, in interstate commerce in the development and production of military and commercial aircraft, space systems, tactical missiles (including associated electronic systems and equipment) and in naval and commercial ship building as well as the production and distribution of a variety of industrial and commercial products. A portion of Plaintiff's business consists of contracts or subcontracts with agencies of the United States government.
2. Defendants, including the Secretaries of the Departments of Labor and Commerce, are various agency heads charged under statute, executive order and regulations with the administration of the federal government's contract compliance and affirmative action programs, and with compliance with the provisions of the Freedom of Information Act.
3. In this action, plaintiff General Dynamics Corporation requests this Court to enjoin permanently, and to declare unlawful, the defendant government officers' intended public disclosure of two Affirmative Action Programs (AAP's) prepared by plaintiff and submitted to the defendants in connection with the award and maintenance of government contracts. In its first claim for relief, General Dynamics Corporation seeks to prevent and enjoin the disclosure of portions of the AAP of General Dynamics Corporation, Electric Boat Division, July 1974, filed August 14, 1975. In its second claim for relief, General Dynamics Corporation seeks to prevent and enjoin the disclosure of portions of the AAP of General Dynamics Convair Division, January 1975.
4. Plaintiff is a government contractor and is thereby subject to Executive Order 11246, as amended, and the regulations promulgated thereunder. Failure of a government contractor to comply with the Executive Orders and Regulations can result in the cancellation of existing contracts and debarment of the contractor from future contract awards. In accordance with these Executive Orders and Regulations, plaintiff has annually prepared and has submitted to the Department of Labor's various compliance agencies its written AAP's for equal employment opportunity for certain of its facilities. The AAP's are prepared pursuant to the government's routine review of the contractor's compliance with its equal employment opportunity obligations or pursuant to an investigation. Plaintiff includes in its AAP's analyses of the areas in which there is an under-utilization of minorities and women.
5. In the instant case, the two government compliance agencies designated to review plaintiff's compliance with the Executive Orders and relevant regulations are the Maritime Administration, Department of Commerce, for General Dynamics Corporation, Electric Boat Division (plaintiff's First Claim for Relief), and the Defense Supply Agency, Department of Defense, for General Dynamics Corporation, Convair Division (plaintiff's Second Claim for Relief).
6. Defendants are also responsible for complying with the requirements of the Freedom of Information Act, Section 552, Title 5, United States Code (1970), and the disclosure regulations which implement that Act, 41 CFR § 60-40.1 et seq. (1975).
*580 7. By letter dated July 3, 1975, the Maritime Administration informed plaintiff that the agency had received a request from the Connecticut Women's Education and Legal Fund, Inc. (CWEALF) for a copy of the AAP of General Dynamics Corporation, Electric Boat Division, July, 1974. The letter informed General Dynamics that prior to releasing this material, in accordance with Title 41, Code of Federal Regulations, § 60-40, the Maritime Administration wished to be advised of any objections that plaintiff had to such release and further requested plaintiff to identify any information which it believed was not subject to disclosure under the Freedom of Information Act, Title 5, United States Code, Section 552, with the specific reasons why such information was not disclosable.
8. By letter dated July 30, 1975, the Defense Supply Agency informed plaintiff that the agency had received a request from one John E. Glenn, Treasurer, National Association for the Advancement of Colored People, San Diego branch, for a copy of the AAP of General Dynamics Corporation, Convair Division, January 1975. This letter likewise informed General Dynamics that it was being offered the opportunity to object to the proposed disclosure.
9. General Dynamics objected to the proposed disclosure in each case. With respect to the Electric Boat Division, the plaintiff objected by letter to the release of Appendix A and Addendums (1) and (2) to its AAP. The letter stated that these documents contained confidential information, the release of which would cause substantial harm to the competitive position of plaintiff and would aid its competitors and as such was exempt from disclosure under the Freedom of Information Act. With respect to the Convair Division, the plaintiff objected to the release of pages 5 through 66 and pages 87 through 89 of its AAP for essentially the same reasons.
10. The Maritime Administration subsequently advised General Dynamics that it had decided not to exempt the relevant Electric Boat Division program from disclosure. General Dynamics appealed this decision to the Office of Federal Contract Compliance (OFCC). That office later informed plaintiff that its appeal had been denied and that the decision of the Maritime Administration to disclose the aforementioned document and information had been affirmed, excepting only a portion of Addendum (1), to wit: the names and pay rates of specific employees mentioned therein.
11. The Defense Supply Agency subsequently advised General Dynamics that, after a review of portions of the Convair Division's AAP, the agency found nothing therein which fell within any of the exemptions of the Freedom of Information Act and it would be disclosed. General Dynamics appealed this decision to the OFCC. The OFCC later informed plaintiff that its appeal had been partially denied in that the decision of the Defense Supply Agency to disclose a portion of the aforementioned document and information had been affirmed. Thereafter, plaintiff was advised that the agency had re-examined its position and that certain portions of the program which the agency had previously stated would not be released would now be released.
12. By affidavits, plaintiff has presented evidence which leads this Court to find that the questioned documents contain commercial and financial information of a confidential nature. The affidavit of Dr. Thomas Stevenson, a professor of economics, establishes that the AAP's contain detailed information on the exact number of workers by job, class, and department which each General Dynamics division had at the beginning of the program and what the division expected to employ during the time period covered. According to Dr. Stevenson, this data, along with wage rates and salary information readily available from union contracts and other published sources, would enable a competitor to estimate with considerable reliability the firm's composite or weighted average labor cost. Knowledge of the divisions' labor costs would give a competitor a tactical advantage in bidding on a project that the competitor would not normally have since the labor cost is the *581 most difficult part of a cost for an outsider or a competitor to estimate. Dr. Stevenson also concluded that, although the employment projections are of short-run duration, changes could indicate to a competitor that new production techniques were being planned. In addition, the disclosure of several of the plans over a period of time could indicate any new techniques or processes that the company was using. This would be valuable in shortening the lead time advantage that the divisions might have in the introduction of a new technique.
13. Both AAP's state that there will be reductions and increases in the number of jobs in various job categories. In the affidavit of Charles H. Spoehrer, a well known and regarded expert in the field of labor relations and problems in the St. Louis area, it is established that knowledge of a planned reduction in the number of jobs can create concern in the minds of the employees for their job security. If the AAP shows such a decrease in the number of jobs, Mr. Spoehrer concluded that this will likely induce affected employees to stretch out the work and thus adversely affect productivity and the plaintiff's ability to compete. On the other hand, if the AAP reveals an increase in the number of jobs in a certain category, this may result in excessive demands by the various unions representing the affected workers, again causing adverse effects on productivity. Finally, if the AAP shows contemplated increases in jobs for some unions proportionately greater than for other unions, this can result in increased rivalry and tensions between unions resulting in grievances, arbitrations, and work stoppages based upon jurisdictional disputes.
14. The Court concludes, after a review of these affidavits, that the disclosure of this confidential commercial and financial information will cause substantial harm to the competitive position of General Dynamics.

CONCLUSIONS OF LAW
1. This Court has jurisdiction over the parties and the subject matter of this action under 28 U.S.C. § 1331. That section provides for federal district court jurisdiction over civil actions "wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States." In this action, the injury sought to be prevented is sufficiently alleged in the Complaint as being in excess of the requisite jurisdictional amount and the controversy arises under the Freedom of Information Act (FOIA), 5 U.S.C.A. § 552, and 18 U.S.C. § 1905. Jurisdiction is therefore proper under 28 U.S.C. § 1331. Westinghouse Electric Corp. v. Schlesinger, 392 F.Supp. 1246, 1248 (E.D.Va.1974), aff'd 542 F.2d 1190 (4th Cir. 1976).
2. The plaintiff's action is not barred by the doctrine of sovereign immunity because the actions of the federal officers are beyond their statutory authority and thus are not the actions of the sovereign. See Dugan v. Rank, 372 U.S. 609, 621, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963). Additionally, the requested relief, if granted, would not "expend itself on the public treasury or domain, or interfere with the public administration." Land v. Dollar, 330 U.S. 731, 738, 67 S.Ct. 1009, 1012, 91 L.Ed. 1209 (1947). This action is thus not barred by the doctrine of sovereign immunity. Westinghouse Electric Corp. v. Schlesinger, supra; Hughes Aircraft Co. v. Schlesinger, 384 F.Supp. 292, 294 (C.D.Cal.1974).
3. This Court concludes that the materials and documents plaintiff General Dynamics seeks to enjoin from disclosure are within the scope of 5 U.S.C. § 552(b)(3). That section, the third exemption to disclosure under the FOIA, states that the disclosure provisions do not apply to matters which are "specifically exempted from disclosure by statute". In this case, the matters sought to be disclosed are prohibited from disclosure by 18 U.S.C. § 1905. Section 1905 makes it a crime for government officers or employees to disclose in any manner or to any extent not authorized by law any information relating to trade secrets, operations, style of work, or other *582 confidential commercial and financial matters. It has been held, and this Court agrees, that Section 1905 is a statute within the meaning of Section 552(b)(3). Westinghouse Electric Corp. v. Schlesinger, supra. See also Administrator Federal Aviation Administration v. Robertson, 422 U.S. 255, 95 S.Ct. 2140, 45 L.Ed.2d 164 (1975); Charles River Park "A" Inc. v. Department of Housing and Urban Development, 171 U.S.App.D.C. 286, 519 F.2d 935 (1975). Because the disclosure of the AAP's is prohibited by Section 1905, the materials are exempt under Section 552(b)(3).
4. The Court also concludes that the relevant materials and documents are within the scope of 5 U.S.C. § 552(b)(4) because those documents contain confidential commercial and financial information. As the Court found in its Findings of Fact, the disclosure of the information in the AAP's would cause substantial harm to the competitive position of plaintiff. This information is thus within Exemption (b)(4) of Brockway v. Department of Air Force, 518 F.2d 1184, 1188 (8th Cir. 1975); National Parks and Conservation Ass'n v. Morton, 162 U.S.App.D.C. 223, 498 F.2d 765, 770 (1974). Furthermore, several courts have held that such confidential information in AAP's is within the scope of § 552(b)(4) and thus have prohibited disclosure by the administrative agency. See Chrysler Corp. v. Schlesinger, 412 F.Supp. 171 (D.Del.1976); Westinghouse Electric Corp. v. Schlesinger, supra. This Court is in agreement with those decisions and therefore holds that the requested materials are exempt under § 552(b)(4).
5. Because the materials sought to be disclosed are within exemptions (b)(3) and (b)(4) of the FOIA, this Court concludes that plaintiff General Dynamics Corporation is entitled to the relief sought in its Complaint and its Motion for Judgment is hereby granted. It is also ordered that the defendants John T. Dunlop, Secretary, United States Department of Labor; Rogers C. B. Morton, Secretary, United States Department of Commerce; Philip J. Davis, Director, Office of Federal Contract Compliance Programs, United States Department of Labor; Robert J. Blackwell, Assistant Secretary of Maritime Affairs, United States Department of Commerce; John M. Heneghan, Director, Office of Civil Rights, Maritime Administration, United States Department of Commerce; William P. Clements, Deputy Secretary, United States Department of Defense; Frederick A. Schreiber, Director, Contracts Compliance, Defense Contract Administration Services Region, Los Angeles, California, Defense Supply Agency, United States Department of Defense, Lt. Gen. Wallace H. Robinson, Jr., Director, Defense Supply Agency, United States Department of Defense; and James W. Cisco, Administration Chief, Contracts Administration Services, Defense Contract Administration Services, Defense Supply Agency, United States Department of Defense, be and hereby are permanently enjoined from disclosing in any way the following portions of the plaintiff's AAP's:
1. Appendix A and Addendums (1) and (2) to the Affirmative Action Program of General Dynamics Corporation, Electric Boat Division, July, 1974, issued August 14, 1975.
2. Pages 5 to 66 and 87 to 89 of the Affirmative Action Program of General Dynamics Corporation, Convair Division, January, 1975.