501 F.Supp. 375 (1980)
BURROUGHS CORPORATION, Plaintiff,
v.
Harold BROWN, Secretary, United States Department of Defense et al., Defendants.
Civ. A. No. 78-520-A.
United States District Court, E. D. Virginia.
January 3, 1980.
*376 Edward J. White, Alexandria, Va., Burt A. Braverman, Frances J. Chetwynd, Washington, D. C., for plaintiff.
George P. Williams, Asst. U. S. Atty., Alexandria, Va., for defendants.

MEMORANDUM OPINION
OREN R. LEWIS, District Judge.
This is a "reverse Freedom of Information Act" case which was brought by Plaintiff Burroughs Corporation to enjoin certain federal agencies and officers from disclosing, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, various documents and information which Burroughs submitted to the government or which were prepared by the government on the basis of information submitted by Burroughs. Following issuance by the Court on July 21, 1978, of a temporary restraining order to preserve the status quo, the Court entered an order staying all action in this case pending issuance by the United States Supreme Court of its opinion in Chrysler Corp. v. Brown, which was then awaiting decision. On April 18, 1979, the Supreme Court issued its decision in Chrysler Corp. v. Brown, 441 U.S. 281, 99 S.Ct. 1705, 60 L.Ed.2d 208. On July 25, 1979, Plaintiff filed a motion for summary judgment; that motion was supported by a Statement Of Material Facts As To Which There Is No Genuine Issue and by the affidavit of W. K. Price, Director, Employee and Industrial Relations, Federal and Special Systems Group, Burroughs Corporation (hereinafter "Price Affidavit").
Argument on Plaintiff's motion for summary judgment was heard on September 14, 1979. At no time during that hearing, or at any time prior thereto, either in writing or orally, did the Defendants contest any of the factual allegations contained in Plaintiff's Statement of Material Facts or in the Price affidavit. Those facts are, therefore, uncontested and, subject to this Court's careful review of those allegations, and subject also to the Court's in camera inspection of the documents at issue in this case, formed the factual basis for the Court's action on Plaintiff's motion for summary judgment.
In the following paragraphs, the Court sets forth its findings of fact and conclusions of law.[1]

FINDINGS OF FACT
1. Plaintiff Burroughs Corporation is engaged in the design, manufacture, sale and servicing of computers and business machines; part of Plaintiff's business consists of contracts with the United States. Price Affidavit ¶¶ 3, 6. As a government contractor, Plaintiff is required to comply with Executive Orders 11246 and 11375 ("Executive Orders"), 30 Fed.Reg. 12319 and 32 Fed.Reg. 14303, and with various implementing regulations (41 C.F.R. Parts 60-1, 60-2, and 60-60) which have been promulgated thereunder by the United States Department of Labor's Office of Federal Contract Compliance Programs ("OFCCP").
2. Defendants are Federal government officers who, as heads of their respective agencies and offices, have various contract *377 compliance responsibilities under the Executive Orders and OFCCP's regulations. See OFCC Order on Consolidation of Compliance Responsibility (Fair Employment Practices Manual [B.N.A.] 401:651).
3. Plaintiff owns and operates manufacturing, sales and service facilities within the Eastern District of Virginia. Defendants Brown and Vaughan reside and have their principal place of business in Arlington and Alexandria, Virginia, respectively.
4. The Executive Orders and OFCCP's regulations require, inter alia, that Plaintiff prepare and submit to Defendants a variety of reports and information, including written affirmative action programs ("AAP's"), "EEO-1 reports," and related workforce data, for each of its individual facilities throughout the nation; these reports and information are designed to report the extent of Plaintiff's compliance with its obligation under the Executive Orders and OFCCP's regulations to take affirmative action to eliminate discrimination and to provide equal employment opportunity. 41 C.F.R. §§ 60-1.7, 60-1.40, 60-2.1 and 60-2.12. Under the Executive Orders and OFCCP's regulations, Plaintiff is required to include in its affirmative action programs detailed workforce information of both a statistical and narrative nature concerning Plaintiff's employment for each department and/or division which exists at the particular facility and, within each department, for each job classification. Defendants' regulations also require that each of Plaintiff's AAP's include information on staffing patterns, pay scales, actual and expected shifts in employment, promotions, transfers, terminations, seniority and related employment matters. Plaintiff's AAP's are also required to include projections of future employment within particular job classifications, and to establish and describe self-imposed goals and timetables for the employment, promotion and utilization of minorities and females. 41 C.F.R. §§ 60-1.40, 2.11-2.13.
5. To enforce the Executive Orders, Defendants conduct "compliance reviews" and "complaint investigations" to determine whether a contractor is in compliance with, or in violation of, the affirmative action and recordkeeping requirements of the Executive Orders and OFCCP's regulations. 41 C.F.R. § 60-1.20, 60-60.3 et seq. During the course of "compliance reviews" and "complaint investigations," which consist both of Defendants' on-site examination of a contractor's documents, facilities and employment practices and Defendants' off-site examination of a contractor's workforce documents, Plaintiff has been required to submit to Defendants pertinent AAP's, EEO-1's and related workforce data for its facilities. 41 C.F.R. §§ 60-1.40(c), 60-1.43, 60-2.12, 60-60.3; see Price Affidavit ¶ 5.
6. The documents at issue in this case came into the possession of Defendants' agents and employees when Defendants conducted compliance reviews and complaint investigations of Plaintiff's Paoli, East Whitland and Downington, Pennsylvania and McLean, Virginia facilities, and when Defendants prepared various reports and forms, e. g., compliance review reports ("CRR's"), complaint investigation reports ("CIR's"), etc., on the basis of documents and information furnished to them by Plaintiff during the course of those reviews. Price Affidavit ¶ 5.
7. This action arose when Defendants informed Plaintiff that they had received a Freedom of Information Act request for disclosure of copies of AAP's, EEO-1's, CRR's, CIR's, and related workforce data concerning a number of Plaintiff's facilities. Although Plaintiff objected to disclosure of its documents, Defendants ruled that substantial portions of the documents at issue would be disclosed. This action was commenced by Plaintiff on July 21, 1978, to permanently enjoin disclosure of those documents and to obtain a declaratory judgment that numerous other documents substantially identical to those at issue in this case were also immune from disclosure under, inter alia, the FOIA and 18 U.S.C. § 1905.
8. The documents at issue in this case, which exceed 3,300 pages in length, consist almost entirely of information taken from *378 the corporate files of Burroughs Corporation. Price Affidavit ¶ 10. The documents contain, inter alia, nine types or categories of information, including:[2]
(a) Category 1: Workforce Data. This category consists of tables, statistical data and portions of the narrative text of the documents which reveal (1) the identity of all departments, subdepartments, job categories, job classifications and job functions at each facility; (2) the number (either in absolute or percentage terms) of persons employed at each facility within each department, subdepartment, job category, job classification and job function, and within ethnic, racial or sex groups; (3) grade levels, salaries or wages for specific job classifications; and (4) the organization, span of control, lines of progression, and ratio between direct and indirect employees within specific departments, subdepartments and job functions, as well as on a plant-wide basis.
(b) Category 2: Organizational and Job Function Charts and Lists. This category consists of diagrams and lists appearing in Burroughs' affirmative action programs which analyze, by job classification, the organization, functions and relationships both between specific departments, subdepartments and job functions, and within those organizational units.
(c) Category 3: Job Descriptions. This category includes job classification codes and detailed descriptions of the duties, responsibilities and areas of activity for various technical job classifications at Burroughs' facilities.
(d) Category 4: Flow Data. This category consists of information showing the movement of the workforce into, within and out of Burroughs' facilities. The documents include statistical data analyzing applications for employment, offers of employment, new hires, rehires, promotions, transfers, layoffs, recalls from layoffs and terminations. This category also includes lists of persons hired, promoted, etc., together with information concerning their experience, education and salary or wage level.
(e) Category 5: Planned or Expected Shifts in the Workforce. This category includes statistical and narrative materials which indicate specific areas within which Burroughs intends to hire, terminate, transfer or promote; or within which Burroughs anticipates either an expansion or contraction of the workforce within a department, subdepartment, job function or job classification, together with specific numerical estimates of the changes expected in the workforce. Information in this category together with data in Category 4, when observed over a period of time, reveals both present and planned changes in technology, labor utilization and market emphasis by Burroughs.
(f) Category 6: Internal Forms and Reports. This category identifies the existence and contents of internal corporate forms and reports.
(g) Category 7: Internal Corporate Information and Policies. This category includes statements which describe confidential internal policies, practices, or other corporate activities which are not disclosed to the public. Such information includes, for example, pre-contract award documents; marketing targets-primary and secondary; marketing strategies; descriptions of the functions, activities and projects of various divisions and departments; and confidential plans for departmental reorganizations. Such information reveals areas of corporate emphasis and strategy which would not otherwise be known and would, if disclosed, diminish Burroughs' effectiveness in the marketplace.
(h) Category 8: Promotable Employee Information. This category includes tables, lists and narrative information indicating the names, job classifications, experience and education of promotable and key employees.
*379 (i) Category 9: Information Relating to Individual Employees. This category includes employees' names, social security numbers, and information concerning individual employees' experience, education, work record, prospects for promotions, etc.
9. The information contained in the documents at issue and described in the preceding paragraphs reveals the organization and staffing of Plaintiff's facilities by disclosing the number of employees in every department, subdepartment, and job classification and by disclosing numerous other matters such as line and span of control, ratio of management to technical personnel in each department, lines of progression, planned expansions and contractions in the workforce within particular departments and job classifications, departmental efficiency, market strategies, identity and nature of existing contracts, confidential plans for departmental reorganizations, descriptions of the duties and responsibilities of various technical job classifications, identity and nature of internal corporate forms and policies, etc. Price Affidavit ¶ 9. Such information constitutes a virtual blueprint of Plaintiff's facilities and reveals the functions performed, and the operations, style of work, processes and apparatus at each of those facilities. Price Affidavit ¶ 10.
10. The documents at issue contain comprehensive wage and salary information for specific job classifications. By multiplying the number of employees in each job classification by the corresponding wage or salary rate, the documents can be used to determine Burroughs' expenditure on labor in each particular job classification. Price Affidavit ¶ 11.
11. The documents at issue have consistently been treated by Plaintiff in a confidential manner. Burroughs' testimony reflects that it is its general policy to maintain the confidentiality of, and to protect from improper disclosure, any data which is considered to be confidential or sensitive. Under that policy, disclosure of information like that at issue in this case is subject to a careful internal corporate review procedure under which Burroughs discloses corporate information only where it is determined that release is required by law, or when Burroughs considers it to be in its best corporate interest to release such data. Plaintiff's policy of preventing the disclosure of confidential information is reflected in its Bulletin 75-050, Subject No. 2.12, November 17, 1975, entitled "Release of Oral or Written Material Information to the Public," ¶ 2.1, and in Bulletin No. 1-28, March 15, 1976, entitled "Protection of Burroughs Corporation Confidential Information." Pursuant to these company policies, neither the documents at issue nor comparable workforce data has been disclosed to any member of the public. Price Affidavit ¶¶ 13-14. The information contained in the documents at issue is the most detailed workforce information in existence regarding Plaintiff's Downington, East Whitland, Paoli and McLean facilities and is not available to the public through any other source or combination of sources outside of Burroughs. Price Affidavit ¶ 12.
12. Plaintiff's AAP's, EEO-1's, and workforce data were disclosed to Defendants only for the limited purpose of demonstrating Plaintiff's compliance with the Executive Orders and Defendants' regulations, and only because of the requirement for their submission which is contained in the Executive Orders, OFCCP's regulations and Plaintiff's government contracts. The Court finds that the submission of these documents to Defendants was not intended by Burroughs to diminish its proprietary rights in the materials or to authorize Defendants to further disseminate those documents. Price Affidavit ¶ 15.
13. Disclosure of the documents at issue would expose Burroughs to substantial injury to its commercial, financial and competitive position in a number of ways. See Price Affidavit ¶ 16. Burroughs designs, manufactures and services computers, computer systems and business machines. Computers are either "mass produced" or "customer designed" to meet the customer's specific requirements. In either case, "manufacture" of a computer is largely a matter of assembly of component parts *380 which are obtained on a subcontract basis from vendors of those components. Thus, the crucial elements in the manufacture of computers are their design and assembly, both of which are labor intensive activities. Following the sale of a computer or computer system, "field engineering" (i. e., installation and service) takes over as the next important phase of marketing Burroughs' computers; this too is a labor intensive activity. Price Affidavit ¶ 6.
14. The facilities whose files Defendants propose to release play important roles in these activities. The Great Valley Laboratories and Downington Plants are units of Burroughs' Federal and Special Systems Group, a major operating group of the Burroughs Corporation. These facilities engage in research, engineering, design and manufacture of custom designed computer systems. The McLean and Paoli facilities are responsible for the sale, marketing, and customer service of computer systems to the U.S. Government. Price Affidavit ¶ 7. All of these facilities share several common characteristics. First, each facility employs a highly skilled, technologically oriented labor force; many employees comprising those workforces undergo substantial training and are privy to large amounts of highly confidential design and process information. Second, each of the facilities is highly labor intensive, with the profitability of each operation considerably dependent upon minimization of labor costs (particularly vis a vis those of competitors against whom Burroughs must bid to obtain the award of contracts). Thus, the success of Burroughs' operations depends substantially upon the skill, knowledge, efficiency and deployment of its workforce in comparison to that of its competitors, and upon the retention of that workforce. Price Affidavit ¶ 8.
15. The disclosure of the documents at issue would be likely to substantially damage Plaintiff in one or more of each of the following ways:
Cost Reduction. First, a competitor could use such information to reduce its costs. By comparing its labor utilization to Burroughs, on a functional and job classification basis, the competitor could determine areas where greater efficiencies exist at Burroughs and the extent of those cost savings. Once those greater efficiencies were identified, the competitor could, by copying Burroughs' labor utilization, seek to reduce its own labor costs and thereby minimize the advantages obtained by Burroughs through its more efficient labor deployment. Price Affidavit ¶ 16.
Competitive Bidding. Second, a competitor could utilize the documents at issue in bidding against Burroughs in competitive bidding situations. By combining the staffing information with the salary and wage data which is provided in the documents, a competitor could determine Burroughs' labor costs in its manufacturing, management, sales, customer service, engineering and administrative activities. Knowledge of those costs would enhance a competitor's ability to underbid Burroughs in competitive bidding situations since the cost of labor is the principal unknown variable cost in the design, manufacture, installation and servicing of a computer system.[3] The data could also be used by a competitor to demonstrate to a potential customer either that Burroughs was a less efficient and therefore more costly supplier of equipment and/or services, or that Burroughs was less able than its competitors to provide adequate service for computer hardware and other business equipment which both companies manufacture. In both respects, the disclosure of such information might impair Burroughs' ability to obtain, or retain, substantial contracts and would thereby seriously jeopardize Burroughs' economic well-being. Disclosure of this information to a customer could similarly impair Burroughs' ability to negotiate with the customer, since Burroughs would then be forced to negotiate in a fishbowl. Price Affidavit ¶ 16.
*381 Technology Transfer. Third, disclosure of Burroughs information will result in "technology transfer" to domestic competitors and to foreign competitors and governments. The computer hardware and software industry is a highly competitive one-both domestically and on an international basis. Disclosure of the data contained in the files at issue would reveal important aspects of the manufacturing process by which Burroughs' computers and business machines are produced, and would also reflect the extent and areas of research and development in which Burroughs is engaged. Access by competitors to that information will directly impair Burroughs' ability to compete both in the United States and abroad. Price Affidavit ¶ 16.
Employee Raiding. Fourth, the documents at issue contain substantial amounts of information which identify individuals and groups of employees who, if their identities were known to or ascertainable by Burroughs' competitors, would be subject to "employee raiding". This information includes lists of employees' names, background, experience, education, salary levels, skills, job responsibilities, etc. All of this information could be utilized by a competitor to (1) identify employees, (2) determine whether those employees possess the technical, administrative or marketing skills or experience, or knowledge of Burroughs' business activities, which the competitor desires, (3) locate the employee for purposes of employee raiding, and (4) determine the wage and benefits package which must be offered to lure the employee away from Burroughs. Raiding of such employees would impair Burroughs' ability to retain highly motivated persons with a broad range of technical, administrative and marketing skills; would result in a significant loss of a corporate resource, particularly in light of the high technology industry in which Burroughs operates; and would subject Burroughs to the substantial cost of acquiring and training new employees for these highly technical positions. Moreover, loss of such employees might result in the disclosure to Burroughs' competitors of highly secret technological data, programs and projects underway at Burroughs or of market strategies currently being planned or implemented by Burroughs. Price Affidavit ¶ 16.
In addition, the documents at issue contain information which reveals the identity, location and availability of minorities and females within certain job classifications. Because of the scarcity of skilled minorities and females within the computer and business machine industry, such employees are in high demand and are subject to employee raiding; it is easier and less costly for a competitor to hire away a skilled, experienced minority or female employee of Burroughs than to recruit and train an inexperienced or inadequately skilled minority or female person. Because Burroughs is one of the largest manufacturers of computers and business machines in the world, it is particularly vulnerable to this practice. Loss of such employees through employee raiding would subject Burroughs not only to the consequences identified above but, also, to impairment of its status as a government contractor under Executive Order 11246 since its employment of minorities and females would thereby be diminished. Price Affidavit ¶ 16.
Damage to Employee Morale. The documents at issue contain confidential information regarding anticipated layoffs, lack of expansion of the workforce and, by identifying promotable employees, workers who will not be promoted. Disclosure of such information would have a deleterious effect on employee morale and job performance, and might lead to an exodus of valuable members of Burroughs' workforce.
16. Disclosure of the documents at issue will have the effect of discouraging Burroughs and other government contractors from submitting to the government workforce data such as that which is at issue in this case and, thereby, disclosure will impair Defendants' ability to obtain information which is necessary for the future administration of the Executive Order program. Price Affidavit ¶ 17.
*382 17. Plaintiff annually prepares more than 300 affirmative action programs and EEO-1 reports for its domestic U.S. facilities, all of which are prepared pursuant to the same government guidelines and all of which consequently contain the same types and quantities of information as do the documents at issue. Price Affidavit ¶ 18. Plaintiff's AAP's and EEO-1's for its other domestic U.S. facilities have been prepared by Plaintiff and acquired by Defendants under the same circumstances as were the documents at issue, and have been treated by Plaintiff in the same confidential manner as have the documents at issue. Price Affidavit ¶ 19.

CONCLUSIONS OF LAW
1. The agency action challenged by Plaintiff is reviewable under the Administrative Procedure Act, 5 U.S.C. § 702. Chrysler Corp. v. Brown, 441 U.S. at 317, 99 S.Ct. at 1725, 60 L.Ed.2d at 234.
2. This Court has jurisdiction under 28 U.S.C. § 1331 to review the agency action challenged here. Chrysler Corp. v. Brown, 441 U.S. at 317 n. 47, 99 S.Ct. at 1725 n. 47, 60 L.Ed.2d at 234 n. 47; Califano v. Sanders, 430 U.S. 99, 97 S.Ct. 1539, 51 L.Ed.2d 768 (1977).
3. Venue is properly found in this Court under 28 U.S.C. § 1391(e).
4. This Court's determination of the applicability of 18 U.S.C. § 1905 and Exemptions (3) and (4) of the Freedom of Information Act, 5 U.S.C. § 552(b)(3) and (4), can and should be made de novo. Westinghouse Electric Corp. v. Schlesinger, 542 F.2d 1190, 1207-08 (4th Cir. 1976); see also Charles River Park "A", Inc. v. H.U.D., 519 F.2d 935, 940-41 n.4 (D.C.Cir. 1975).
5. Disclosure of the documents at issue by Defendants would violate 18 U.S.C. § 1905. The documents at issue in this case came into Defendants' possession in the course of their employment and official duties, and by reason of examinations and investigations made by, and reports and records made to be filed with, such government agencies and officers. Substantial amounts of the information contained in the documents at issue, as identified in Attachments 1-26 to this opinion, concern and relate to the processes, operations, style of work, apparatus, and amount and source of expenditures of Plaintiff Burroughs Corporation, and are in the nature of confidential statistical data. Because the Freedom of Information Act does not authorize disclosure of such information (see ¶¶ 6 and 7, infra), and because neither Defendants' regulations nor the Executive Orders and statutes pursuant to which they were promulgated constitute authorization by law for the disclosure of the documents at issue within the meaning of 18 U.S.C. § 1905, Chrysler Corp. v. Brown, 441 U.S. at 295-317, 99 S.Ct. at 1714-1725, 60 L.Ed.2d at 221-234, disclosure of those portions of the documents at issue which fall within § 1905 would violate the criminal prohibition of that statute as well as Defendants' own regulations (29 C.F.R. § 70.21). Westinghouse Electric Corp. v. Schlesinger, 392 F.Supp. 1246 (E.D.Va.1974) and United States Steel Corp. v. Schlesinger, 8 F.E.P. Cases 923 (E.D.Va.1974), both aff'd sub nom. Westinghouse Electric Corp. v. Schlesinger, 542 F.2d 1190; Metropolitan Life Insurance Company v. Usery, 426 F.Supp. 150, 170 (D.D.C.1976); General Dynamics v. Dunlop, 427 F.Supp. 578 (E.D.Mo. 1976), rev'd on other grounds, 572 F.2d 1211 (8th Cir. 1978); Chrysler Corp. v. Schlesinger, 412 F.Supp. 171 (D.Del.1976), rev'd on other grounds, 565 F.2d 1172 (3rd Cir. 1977), vacated, 441 U.S. 281, 99 S.Ct. 1705, 60 L.Ed.2d 208; Sears, Roebuck and Co. v. Eckerd, No. 76-C2444 (N.D.Ill.1977), rev'd on other grounds, 575 F.2d 1197 (7th Cir. 1978). Consequently, such disclosure is "not in accordance with law" within the meaning of 5 U.S.C. § 706(2)(A). Chrysler Corp. v. Brown, 441 U.S. at 318, 99 S.Ct. at 1726, 60 L.Ed.2d at 235.
6. 18 U.S.C. § 1905 is a specific statutory exemption from disclosure within the meaning of Exemption 3 to the Freedom of Information Act, 5 U.S.C. § 552(b)(3). Westinghouse Electric Corp. v. Schlesinger, 542 F.2d at 1199-1203. See *383 Hearings on S. 921 Before the Subcommittee on Constitutional Rights of the Senate Committee on the Judiciary, 85th Cong., 2d Sess. 985-87 (1958); Chrysler Corp. v. Brown, 441 U.S. at 298-301 n.29, 99 S.Ct. at 1716, 60 L.Ed.2d at 223-24 n.29 and materials cited therein; General Dynamics Corp. v. Dunlop, 427 F.Supp. 578 (E.D.Mo.1976), rev'd on other grounds, 572 F.2d 1211 (8th Cir. 1978); Attorney General's Memorandum on the Public Information Section of the Administrative Procedure Act, June 1967, pp. 31-32. Section 1905 comes within the terms of Exemption 3, as amended in 1976, because § 1905, a criminal statute, is nondiscretionary in nature and because it refers to particular matters to be withheld. See American Jewish Congress v. Kreps, 574 F.2d 624, 628-29 (D.C.Cir. 1978); G.T.E. Sylvania, Inc. v. Consumer Product Safety Commission, 598 F.2d 790, 810 (3rd Cir., 1979); Founding Church of Scientology of Washington, D.C., Inc. v. National Security Agency, 610 F.2d 824, 829 (D.C.Cir., 1979). Therefore, documents such as those at issue in this case which fall within 18 U.S.C. § 1905 are both exempt from mandatory disclosure under the FOIA and prohibited from discretionary agency disclosure by § 1905. Because the Court has found that substantial portions of the documents at issue in this case would violate § 1905, the Court concludes that Defendants' intended action is "not in accordance with law," Chrysler Corp. v. Brown, 441 U.S. at 318, 99 S.Ct. at 1725, 60 L.Ed.2d at 235, and should therefore be enjoined.
7. Alternatively, the Court finds that all of the information which has been found to fall within 18 U.S.C. § 1905 also falls within the provisions of Exemption 4 to the Freedom of Information Act, 5 U.S.C. § 552(b)(4), which provides that the disclosure mandate of the Freedom of Information Act shall not apply to commercial information which is confidential in nature. The Court concludes that all of the information which the Court has found to fall within § 1905, which is indisputably commercial in nature, is also confidential in nature because (a) disclosure of such information would cause substantial competitive injury to Plaintiff Burroughs Corporation,[4] and (b) disclosure would discourage the future submission of necessary information to the government by Plaintiff and other government contractors.[5]Westinghouse Electric Corp. v. Schlesinger, 542 F.2d at 1207 n.55 and accompanying text, 1215-16; National Parks and Conservation Ass'n v. Morton, 498 F.2d 765, 770 (D.C.Cir. 1974). As to information like that at issue in this case which falls both within Exemption 4 of the FOIA and 18 U.S.C. § 1905, such information is both exempt from required disclosure under the Freedom of Information Act and prohibited from discretionary agency disclosure by § 1905. Disclosure of such information is "not in accordance with law" within the meaning of 5 U.S.C. § 706(2)(A), Chrysler Corp. v. Brown, 441 U.S. at 318, 99 S.Ct. at 1725, 60 L.Ed.2d at 235, and should therefore be enjoined.
8. Even if the information at issue did not fall within the terms of 18 U.S.C. § 1905, the Court is of the view that disclosure would violate 5 U.S.C. § 706(2)(A) because (a) the information falls within Exemption 4 of the FOIA and thus is not required to be disclosed, and (b) in light of both the undisputed nature and extent of injury to which Plaintiff would be subjected if the information at issue were disclosed, and the absence of a sufficient countervailing reason for disclosure, it would constitute an abuse of discretion on Defendants' part to disclose the information.
9. It is undisputed by Defendants that Plaintiff submits more than three hundred affirmative action programs to Defendants *384 annually, that all such documents contain the same type of information which is found in the documents at issue in this case, that the reports prepared by Defendants also contain the same types of information that are found within the documents at issue in this case, and that Plaintiff will continue to submit and Defendants will continue to require substantial additional amounts of workforce data and reports which are identical in nature for all intents and purposes to the documents at issue in this case. Under these circumstances, the Court concludes that this is an appropriate instance for entry of a declaratory judgment that disclosure of any affirmative action program, EEO-1 report, or agency report or form which contains information taken from any of Plaintiff's AAP's, EEO1's, or workforce data, or from on-site inspections of Plaintiff's facilities, would violate 18 U.S.C. § 1905, is not required by the disclosure provisions of the Freedom of Information Act, and would be "not in accordance with law" within the meaning of 5 U.S.C. § 706(2)(A).

ORDER
This matter came before the Court on the motion of Plaintiff Burroughs Corporation for summary judgment. Plaintiff's motion was supported by a Statement Of Material Facts As To Which There Is No Genuine Issue, and by the affidavit of W. K. Price, Director, Employee and Industrial Relations, Federal and Special Systems Group, Burroughs Corporation. At no time have Defendants contested any of the factual allegations contained in Plaintiff's complaint for injunctive and declaratory relief, Plaintiff's Statement Of Material Facts, or the Price affidavit.
This Court has carefully considered the facts presented by the Plaintiff, and has carefully examined in camera the documents at issue in this case, which include affirmative action programs, EEO-1 reports, compliance review reports, complaint investigation reports, and related workforce data. Having heard argument by the parties on September 14, 1979, the Court has concluded that there are no material facts in dispute, that Plaintiff is entitled to summary judgment as a matter of law, and that substantial portions of the documents at issue may not be lawfully disclosed. The memorandum opinion issued today sets forth the Court's findings of fact and conclusions of law.
Accordingly,
IT IS HEREBY ADJUDGED AND DECREED THAT
(1) disclosure of the portions of the documents at issue described in Attachments 1-26 to this order would violate 18 U.S.C. § 1905 and 29 C.F.R. § 70.21;
(2) the portions of the documents described in Attachments 1-26 which fall within § 1905 are exempt from required disclosure under the Freedom of Information Act by Exemptions 3 and 4 of the Act, 5 U.S.C. § 552(b)(3) and (4);
(3) disclosure of the portions of the documents at issue described in Attachments 1-26 to this order would be "not in accordance with law" and, further, would be an abuse of discretion under 5 U.S.C. § 706(2)(A) and, therefore, Defendants, their agents, employees, agencies, and all persons acting in concert with them are hereby permanently enjoined from publicly disclosing, directly or indirectly, any of the documents or portions thereof described in Attachments 1-26 to this order.
IT IS FURTHER ADJUDGED AND DECREED pursuant to 28 U.S.C. § 2201 that public disclosure by Defendants of any other affirmative action programs, EEO-1 reports or related workforce data of Plaintiff Burroughs Corporation, or of compliance review reports, complaint investigation reports, or related government forms or reports which include information from, or have been prepared on the basis of, documents or workforce data of Plaintiff, would violate 18 U.S.C. § 1905 and 29 C.F.R. § 70.21, is not required by the Freedom of Information Act, 5 U.S.C. § 552(b)(3) and (4), and therefore would be "not in accordance with law" under 5 U.S.C. § 706(2)(A).

*385
 Attachment 1
----------------------------------
File: 880.15 Burroughs Corporation
 Downington Plant
 P.O. Box 235
----------------------------------
 1. Standard Compliance Review Form dated
 10/13/76, contains information falling within
 the defined categories as follows:
 Category 1: 2, Table Q, 3, 4, 5, CWSA
 Worksheet, Opportunity Index
 (pp. 1 and 2)
 Category 5: 1, CWSA Worksheet, 7, 8, 10,
 handwritten notes on pp. 12
 13, letter from R. Schaffer to
 C. Brooker dated 10/8/76
 Attachment 2
-----------------------------------
File: Burroughs' Downington Plants
 Progress Report,
 7/1/76-7/1/77
-----------------------------------
 The following pages of this file fall within the
defined categories as follows:
 Category 1: 3, 4
 Category 4: 1, 2, 5-7, 9, 10
 Category 5: 1, 2
 Category 9: 8
 Attachment 3
--------------------------------------
File: AAP for Downington Manufacturing
 and Federal and Special Systems
 Group, 1/1/76-12/31/76
--------------------------------------
 The following pages of this file fall within the
defined categories as follows:
 Category 1: 31-48, 63-104, 110-111
 Category 4: 106
 Category 5: 109
 Category 6: 120
 Category 7: 125
 Category 8: 95-98
 Attachment 4
--------------------------------
File: Affirmative Action Program
 Small Systems Group
 Downington Plant
 1/76-12/76
--------------------------------
 The following pages of this file fall within the
defined categories as follows:
 Category 1: 1, 3-5, 39-90, 92-103
 Category 4: 106, 111-116
 Category 5: 3, 5, 109-114
 Category 6: 91, 119
 Attachment 5
----------------------------------
File: Affirmative Action Program
 Downington Manufacturing Plant
 4/1/73-12/31/73
----------------------------------
 The following pages of this file fall within the
defined categories as follows:
 Category 1: 1, 69, 70, 108, 109, 112, 119
 Category 2: 93-105
 Category 4: 4-26, 77-78, 89, 92, 121
 Category 5: 2, 3, 73-76, 80-84
 Category 6: 35, 106, 128-131
 Category 7: 134
 Category 8: 65-68
 Attachment 6
----------------------------------
File: Affirmative Action Program
 Great Valley Laboratories
 (Engineering)
 4/1/77-3/31/78
----------------------------------
 The following pages of this file fall within the
defined categories as follows:
 Category 1: 13-18, 63-100, 105-142, 145-151,
 160-166
 Category 2: 63-64, 102
 Category 3: 103
 Category 4: 1-11, 152, 154, 170-175
 Category 5: 19, 167-168
 Category 6: 185
 Category 7: 192

*386
 Attachment 7
-------------------------------
File: Affirmative Action Program
 Great Valley Laboratories
 (Engineering)
 7/1/76-6/30/77
-------------------------------
 The following pages of this file fall within the
defined categories as follows:
 Category 1: 39-77, 81-116, 118-122, 124
 Category 2: 37-38, 79, 128-131
 Category 3: 80
 Category 5: 123, 127-128
 Category 6: 138
 Category 7: 142
 Attachment 8-1
------------------------------
File: 880.15 Burroughs Corp.
 Standard Prod. Div.,
 Route 252 & Central Ave.,
 Paoli, Pa. 19301
-------------------------------
 ------------------------------------------
 Subfile: "1. Current AAP and Support Data"
 ------------------------------------------
 Affirmative Action Program, Headquarters
 Unit/Standard Products Division, Paoli, Pa.
 -------------------------------------------
 The following pages of this file fall within the
defined categories as follows:
 Category 1: 56-78, 80-90, 96-142, 146, 148
 181, 193-202, 240-242
 Category 2: 93-95, 144, 145, 203-208
 Category 4: 220, 221
 Category 5: 211-218, 227-233, 240-242, 256-259
 Category 6: 222 (delete ¶ B-14 only), 245
 Category 7: 225
 Category 8: 183-192
 --------------------------------------------
 Subfile: "Prior Year Correspondence AAP,
 SCRRF"
 --------------------------------------------
 Standard Compliance Review Report completed
 on 5/13/76 by John Griswold.
 --------------------------------------------
 The following pages of this file fall within the
defined categories as follows:
 Category 1: Table Q, 3, 5, 6, 4 pages of handwritten
 analysis of SPD, Opportunities
 Index
 Category 4: 2, 4
 Category 5: 1, 8, 11, unattached page 6 from
 Form 969(b)
 Category 7: 11, 4 pages of handwritten analysis
 of SPD.
 Attachment 8-2
-------------------------------
File: 880.15 Burroughs Corp.
 Standard Prod. Div.,
 Route 252 & Central Ave.,
 Paoli, Pa. 19301
-------------------------------
 ----------------------------------------
 Subfile: "Prior Year Correspondence AAP,
 SCRRF"
 ----------------------------------------
 (continued)
 Standard Compliance Review Report, completed
 3/25/76
 ---------------------------------------------
 The following pages of this file fall within the
defined categories as follows:
 Category 1: 2-7, Table Q
 Category 5: 1, 8
 Category 7: 5-7
 Letter from C. Shorter to J. Scarpelli dated 5
 April 1976 consists of information falling within
 Category 7.
 CWSA Worksheet dated 2/10/76 consists of
information falling within Category 1.
CWSA Worksheet dated 4/27/76 consists of
information falling within Category 1.
 Pre-Award Review Request. Delete only information
 relating to the total number of employees
 at Burroughs' facilities (Category 1 information).
 Letter dated 9/21/76 from T. Grike to Stromback
consists of information falling within
Categories 1, 4, 5 and 7.
Letter dated 9/16/76 from O. Snyder to R.
Brown (including 15 pages of attachments)
consists of information falling within Categories
1, 4, 5 and 7.
Pre-Award Review Request dated 9/18/76.
Delete only information relating to total number
of employees (Category 1 information).
 Attachment 8-3
------------------------------
File: 880.15 Burroughs Corp.
 Standard Prod. Div.,
 Route 252 & Central Ave.,
 Paoli, Pa. 19301
-------------------------------
 ----------------------------------------
 Subfile: "Prior Year Correspondence AAP,
 SCRRF"
 ----------------------------------------
 (continued)
 Memorandum from C. Shorter to J. Griswold
 dated February 6, 1976 contains information
 falling within Category 1.
 Letter (and 6 pages of attachments) from J.
 Scarpelli to C. Shorter dated 1/29/76 consists
 of information falling within Categories 1 and
 7.

*387
 Letter from T. Platt to C. Shorter dated
 7/9/75 consists of information falling within
 Categories 1 and 6.
 Pre-Award Clearance Release contains information
 falling within Category 1.
 Pre-Award Review Request dated 1/28/76
 contains information falling within Category 1.
 ------------------------
 Subfile: "6. EEO-1 Data"
 ------------------------
 All information in this file falls within Category
 1.
 -----------------------------------
 Subfile: "2. Current Year SCRRF-EOS
 Notes"
 -----------------------------------
 Standard Compliance Review Report completed
 on 3/21/77.
 The following pages of this file fall within the
defined categories as follows:
 Category 1: 2, Table Q, Opportunity Index,
 CWSA Worksheet dated 3/11/77,
 Preaward Request
 Category 5: 1, 3-5, 4 pages handwritten notes
 Category 7: 3-5, 4 pages handwritten notes,
 CWSA Worksheets dated 3/11/77
 Attachment 9
-------------------------------------
File: Affirmative Action Program for
Paoli Headquarters and
Standard Products Division
1/1/76-12/31/76
-------------------------------------
 The following pages of this file fall within the
defined categories as follows:
 Category 1: 5, 6, 56-68, 81, 83-110, 112-124,
 126-130, 132-145, 295-298
 Category 2: 112-124, 269-273
 Category 4: 46-52, 150-156, 158-171, 173-224,
 226-267, 275-306, 309-317
 Category 5: 139-145, 295
 Category 6: 20, 274, 323-329
 Category 7: 150-156, 158-171, 333
 Category 8: 69-79
 Category 9: 277-294
 Attachment 10
---------------------------
File: Burroughs Corp.,
Standard Products Division
Paoli, Pa.
1/1/75-12/31/75
---------------------------
 The following pages of this file fall within the
defined categories as follows:
 Category 1: 14-26, 74-93, 113, 119-127
 Category 2: 107-111, 119-122
 Category 4: 102-106, 116
 Category 5: 95-100, 123-127
 Category 6: 73-93, 133-139
 Category 7: 143
 Category 8: 27-34
 Attachment 11
---------------------------------
File: Affirmative Action Program
Paoli, Pa.
1/1/74 12/31/74
---------------------------------
 The following pages of this file fall within the
defined categories as follows:
 Category 1: 42-47, 51, 88-89, 92-100
 Category 2: 82-86
 Category 4: 73-78, 80-81, 102
 Category 5: 56-60, 62-69, 71-78, 87, 92-100
 Category 6: 111, 113-116
 Category 7: 64, 127
 Category 8: 48-50
 Attachment 12
---------------------------------
File: Affirmative Action Program
Computer Systems Group,
Tredyffrin Plant
1/1/77-12/31/77
---------------------------------
 The following pages of this file fall within the
defined categories as follows:
 Category 1: 35-110, 112-114
 Category 2: 115-116
 Category 4: 117
 Category 5: 112-116
 Category 6: 119
 Category 7: 123
 Attachment 13
------------------------------
File: AAP for Computer Systems
GroupTredyffrin Plant,
1/1/75-12/31/75
------------------------------
 The following pages of this file fall within the
defined categories as follows:
 Category 1: BB, CC, DD, 49-87, 95-102, 129,
 132-135
 Category 2: 120-125
 Category 4: BB, CC, DD, 118-119, 139
 Category 5: BB, CC, DD, 95-101, 105-117,
 132-135
 Category 6: 145-148
 Category 8: 88-94

*388
 Attachment 14
-------------------------------------
File: 880.15 Building # 3 (76)
 Federal Space & Special Systems
-------------------------------------
 ------------------------------------
 Subfile: "Prior Year Correspondence"
 -------------------------------------
 The following pages of this file fall within the
defined categories as follows:
 Category 1: 4-8, 11, 18, 21, 22
 Category 5: 2, 10
 Attachment 15
------------------------------------
File: Affirmative Action Program for
 Standard Products Division,
 1/1/76-12/31/76
-----------------------------------
 The following pages of this file fall within the
defined categories as follows:
 Category 1: 26-65, 88-100, 117-119, 122-124,
 127-133, 169-178, 248-252
 Category 2: 240-244
 Category 4: 80-86, 134-168, 179-235, 253-268,
 274-275, 277
 Category 5: 117-119, 236-238, 271
 Category 6: 245, 285-291
 Category 7: 298
 Category 8: 101-116
 Attachment 16
----------------------------------
File: 880.15 Burroughs Corporation
 McLean, Virginia (74)
----------------------------------
1. COMIS Reporting Data, Form 969
 The following pages of this file fall within the
defined categories as follows:
 Category 1: 3, 14 [including all pages following
 page 14 (all numbered 14)
 with tables re "O/M," "Prof.,"
 "Tech," "O/C," "Operatives"],
 16, 20, 31
 Category 4: 2, 18 (delete ¶ 5 only), 22
 Category 5: 1, 4, 5, 6
 Category 7: 4, 6, 20
2. DSA Inter-Office Memo dated 9 April 1975 re
"Pre-Award Check, Burroughs Corporation, Standard
Products Division," to DCRP-VP Mary Randolph, from
Willie Thomas, contains information falling in Category
1 and Category 5 and should be deleted in its entirety.
--------------------------------------------------------
3. Letter dated June 21, 1974 to Willie Thomas from D.
McElivee, J. T. Platt contains information falling within
Category 5 and Category 8 and should be deleted in its
entirety.
---------------------------------------------------------
4. Burroughs AAP.
 The following pages of this file fall within the
defined categories as follows:
 Category 1: 31-38, 58-59
 Category 2: 52-56, 83-85
 Category 4: 36-38, 51, 69
 Category 5: 41-42, 44-48, 61-67, 73-82
 Category 7: 93-96, 104
 Category 8: 31-34
 Attachment 17
----------------------------------
File: Affirmative Action Program
 Standard Products Division
 McLean, Va., 1/1/74-12/31/74
----------------------------------
 The following pages of this file fall within the
defined categories as follows:
 Category 1: 8-13, 35-37, 57-59, 61-67, 73-82
 Category 2: 52-56, 83-85
 Category 4: 51, 69
 Category 5: Letter (2 pages) from J. T. Platt
 to DSA, dated 6/28/74; 41-45,
 46-49 (including extra copies of
 each page), 57, 61-67, 73-82, 86
 (delete ¶ B-2 only)
 Category 7: 38, 104
 Category 8: 31-34
 Attachment 18
---------------------------------
File: Affirmative Action Program
 Standard Products Division,
 McLean 1/1/77 to 12/31/77
--------------------------------
 The following pages of this file fall within the
defined categories as follows:
 Category 1: 26-38, 39-48, 58-94, 114, 115-117
 Category 2: 49-54, 56-57, 59-60
 Category 4: 107, 118-123
 Category 5: 100-105, 111-113, 115-117
 Category 6: 131-134
 Category 7: 95-98
 Category 9: 142
 Attachment 19
----------------------
File: Burroughs Corp.,
 McLean CRR-1974
----------------------
 The following pages of this file fall within the
defined categories as follows:
 Category 1: 103, 4-12, 14-19, 30
 Category 4: 20-27, 35
 Category 7: 31-34, 36

*389
 Attachment 20
----------------------------
File: Burroughs Corp., Paoli
 (SPD) CRR-1974
----------------------------
 The following pages of this file fall within the
defined categories as follows:
 Category 1: 13-15, 16-24
 Category 4: 2a-5, 25-32, 41
 Category 6: 44-49
 Category 7: 1-2, 6-7, 8-12, 36-40, 42, 64-70a,
 73-74
 Category 9: 43, 52-59
 Attachment 21
----------------------------
File: Burroughs Corp., Paoli
 (SPD) CRR-1975
----------------------------
 The following pages of this file fall within the
defined categories as follows:
 Category 1: 2-3, 14-17, 25-27
 Category 4: 5-6
 Category 7: 1, 7-11, 18, 19-24, 28, 30, 34-35
 Attachment 22
----------------------------------------
File: Burroughs Corp., Tredyffrin Plant,
 CRR and Correspondence, 1975
----------------------------------------
 The following pages of this file fall within the
defined categories as follows:
 Category 1: 7-9, 27-27
 Category 4: 2, 5, 10
 Category 7: 6, 12-17, 19-26, 30-38, 43
 Attachment 23
-----------------------------------
File: Burroughs Corp., McLean (SPD)
 CRRs and Correspondence (1977)
-------------------------------------
 The following pages of this file fall within the
defined categories as follows:
 Category 1: 5-6, 7-8, 9-14, 16-17, 50b-50c,
 50t, 51-53
 Category 4: 4
 Category 7: 3, 18-20, 21-23, 24-25, 26-36,
 40-42, 43-45
 Category 7: 46-48, 49-50, 50e-50i, 50o-50w,
 54
 Category 9: 37-39, 50k-50n, 50p, 50q-50s,
 55-56
 Attachment 24
----------------------------------
File: Burroughs Corp., Downington
 AAP (1974)
----------------------------------
 The following pages of this file fall within the
defined categories as follows:
 Category 1: 38, 64-69, 75, 76
 Category 2: 103-118, 174-176
 Category 3: 27-30, 55, 58, 137, 166-170
 Category 4: 23, 79-82, 101
 Category 5: 83-91, 125-131, 132-136
 Category 6: 12-17
 Category 7: 1-11, 18-21, 93-97, 121, 138-140,
 171-173
 Category 8: 70-71
 Category 9: 17, 99-100, 147-153
 Attachment 25
-----------------------------------
File: Burroughs Corporation Paoli
 CRR and Correspondence (1977)
-----------------------------------
 The following pages of this file fall within the
defined categories as follows:
 Category 1: 7-8, 9-10, 38, 91, 100-112, 123-124,
 135, 137
 Category 2: 73-74, 85-87b, 87f
 Category 3: 76-80
 Category 4: 6, 52-58, 125-134
 Category 7: 5, 11-18, 19-32, 34-35, 37, 40-41,
 45-49
 Category 7: 70-72, 84, 87c-87e, 87h-90, 90b,
 90d-90e
 Category 7: 90b, 92-93
 Category 9: 1-3, 4, 36, 59-69, 90c, 136, 138
 Attachment 26
--------------------------------------
File: 880.15 Burroughs Corp. (76)
 Great Valley Labs.
 Swedesford Rd., Paoli, Pa. 19301
--------------------------------------
 -------------------------------------
 Subfile: "1. Burroughs Corp., Great
 Valley Labs. CRR, 1976"
 --------------------------------------
 The following pages of this file fall within the
defined categories as follows:
 Category 1: 1, 3-4, 4a-4i, 7
 Category 7: 5-6, 6a-6b, 6c-6f, 8-9, 15
 --------------------------------------------------
 Subfile: "2. Burroughs Corp., Great
 Valley Labs. CRR, 1976, 1977"
 --------------------------------------------------
 The following pages of this file fall within the
defined categories as follows:
 Category 1: 14-15
 Category 2: 2-5, 8-11
 Category 7: 1, 7, 12-13, 16-26, 27-28

NOTES
[1] On June 28, 1979 and July 26, 1979, respectively, Defendants filed motions to dismiss the action and to remand the action for further administrative proceedings. Those motions were denied by the Court on July 27, 1979 and August 21, 1979, respectively, because of this Court's view that the matter was appropriate for a de novo hearing. See infra.
[2] Attachments 1 through 26 to this opinion identify on a file by file and document by document basis, all of the pages which fall within Categories 1 through 8. The pages containing Category 9 information have not been similarly indexed because the occurrence of such information throughout the documents is too frequent.
[3] Burroughs' cost of materials can be determined by a competitor through a "competitive teardown."
[4] See Metropolitan Life Insurance Company v. Usery, 426 F.Supp. at 170; United States Steel Corp. v. Schlesinger, 8 F.E.P. Cases, at 924; Westinghouse Electric Corp. v. Schlesinger, 392 F.Supp. at 1250; Sears, Roebuck and Co. v. Eckerd, No. 76-C2444 (N.D.Ill.1977); General Dynamics Corp. v. Dunlop, 427 F.Supp. 578
[5] See United States Steel Corp. v. Schlesinger, 8 F.E.P. Cases 923; Dickerson v. United States Steel Corp., 12 E.P.D. § 11095 (E.D.Pa.1976); and Sanday v. Carnegie-Mellon University, 12 F.E.P. Cases 101 (W.D.Pa.1975).